[No. 29680.   Department One.   November 15, 1945.]

*In the Matter of the Application of* CHARLES L. CLARK *for a Writ of Habeas Corpus.*[1]

[1]Reported in 163 P. (2d) 577.

*H. E. Foster,* for appellant.

*The Attorney General* and *R. Paul Tjossem, Assistant,* for respondent.

STEINERT, J.—This is an appeal from an order denying a petition for a writ of *habeas corpus* to obtain the release of the petitioner from detention in the Washington state penitentiary.

Appellant, Charles L. Clark, as petitioner filed in this court his application for such writ, alleging in his petition that since April 7, 1939, he has been wrongfully and unlawfully detained and imprisoned in the state penitentiary, without lawful commitment, but solely upon a purported warrant of commitment issued by the superior court for King county, pursuant to an alleged judgment which is void and without legal force, and that his imprisonment is in violation of the Federal and state constitutions. Attached to the petition, and by reference made parts thereof, are copies of the warrant of commitment and judgment.

Upon presentment of the petition, the chief justice referred the matter to the superior court for Pierce county and at the same time issued an order directing the superintendent of the state penitentiary to show cause before that court, on a day fixed, why the petition should not be granted.

The superintendent in due time made a written return, alleging therein that on March 22, 1939, the appellant petitioner was, by information filed in the superior court for King county, charged with the crime of carnal knowledge, as shown by a copy of the information attached to and by reference made a part of the return; that thereafter appellant was arraigned and pleaded guilty to the crime charged; that on April 7, 1939, judgment was entered sentencing him to confinement in the penitentiary for "the term of not less than to be set by the Parole Board and not more than twenty years"; and that on the same day a warrant of commitment was duly issued, and that the appellant is now held in custody under and by virtue of such judgment, sentence, and commitment.

The information referred to above charged the appellant with the crime of carnal knowledge in that on March 9,

1939, he wilfully, unlawfully, and feloniously did carnally know and abuse a named female child under the age of eighteen years, to wit: of the age of fifteen years.

The judgment, referred to in appellant's petition, recited that appellant, the defendant named in the judgment, upon coming into court, was by the court informed of the nature of the information against him for the crime of carnal knowledge, and of his plea of guilty of the offense charged, and was then and there asked whether he had any legal cause to show why judgment should not be pronounced against him, to which he replied that he had none. The judgment by its terms then declared the defendant guilty of the crime of carnal knowledge, imposed the sentence set forth above, and ordered that appellant be delivered into the custody of the proper officers to be transported to the penitentiary.

In response to the return thus made by the superintendent, appellant herein demurred thereto on the ground that it showed no legal excuse for his detention, and at the same time moved for judgment directing the issuance of a writ of *habeas corpus,* on the ground that no issue had been tendered by the return. The matter then came on for hearing before the court on the demurrer and, after argument by counsel, the court entered an order overruling the demurrer and denying the petition for such writ. From that order, this appeal was taken.

The assignments of error allege that the court erred (1) in holding the answer and return of the superintendent to be good, and in denying the motion and overruling the demurrer addressed thereto; (2) in holding the judgment and sentence likewise to be good; and (3) in refusing to discharge the appellant from the detention of which he complains.

Under these assignments, appellant, in his brief, contends that the judgment is void because (1) it does not contain the necessary jurisdictional recitals; (2) it does not sufficiently designate the character of the carnal knowledge with which he was charged; and (3) it directs the parole board, an agency no longer in existence, to fix the term of imprisonment. Upon the oral argument, appellant made the addi-

tional contentions (a) that there is no such crime as "carnal knowledge"; (b) that the judgment fails to show that appellant is an adult person, as designated in the statute under which he was charged; and (c) that the statute under which he was convicted is unconstitutional. We shall first consider, in sequence, the contentions made by appellant in his brief.

Appellant does not in the brief inform us as to what jurisdictional recitals are lacking in the judgment, and so we must deal with the subject somewhat generally.

A judgment is the determination or sentence of the law, pronounced by a competent judge or court, as the result of an action or proceeding instituted in such court, affirming that, upon matters submitted for its decision, a legal duty or liability does or does not exist. *State v. Siglea,* 196 Wash. 283, 82 P. (2d) 583; *State v. King,* 18 Wn. (2d) 747, 140 P. (2d) 283.

It is undoubtedly true that to render a judgment immune from collateral attack by a *habeas corpus* proceeding, the court must have had not only jurisdiction of the subject matter and of the person against whom the judgment is pronounced, but also authority to render the particular judgment in question. *In re Horner,* 19 Wn. (2d) 51, 141 P. (2d) 151.

The judgment here involved shows on its face that it was rendered by the superior court of the state of Washington for King county, which court is one of original jurisdiction in all criminal cases amounting to felony and in all cases of misdemeanor, if not otherwise provided for by law. Washington constitution, Art. IV, § 6. The offense with which appellant was charged, and of which he was convicted, is a felony. Rem. Rev. Stat. (Sup.), § 2436 [P. C. § 9108] (amended by Rem. Supp. 1943, § 2436 [P. P. C. § 118-183]). The court therefore had jurisdiction of the subject matter.

The judgment also shows on its face that the court had jurisdiction of the person of the appellant, for it recites that he appeared in court and pleaded guilty to the charge.

The statute just referred to provides that every adult

male person who shall carnally know and abuse any female child of fifteen, and under eighteen, years of age, not his wife, shall be punished by imprisonment in the state penitentiary for not more than twenty years. When the judgment is read in the light of the statute, of which this court takes judicial notice, it is apparent that the sentencing court had authority to render the judgment here in question.

In addition to the foregoing jurisdictional requirements, there are also certain statutory exactions which must be satisfied. Rem. Rev. Stat., § 2187 [P. P. C. § 140-53], provides that when a defendant is found guilty, the court shall render judgment *accordingly*. Rem. Rev. Stat., § 2196 [P. P. C. § 134-9], declares that if the conviction be for an offense punishable by imprisonment, the defendant must be personally present when judgment is entered. Rem. Rev. Stat., § 2198 [P. P. C. § 134-13], commands that when the defendant appears for judgment he must be informed by the court of the verdict of the jury and be asked whether he has any legal excuse to show why judgment should not be pronounced against him. The judgment in this instance shows on its face that all these requirements, substituting appellant's plea of guilty, in place of a verdict of the jury, were fulfilled to the letter.

It is generally held that in criminal actions the judgment is sufficient if it contains a clear and concise statement of the names of the parties, the character of the offense, the verdict, the sentence given thereon, and the penalty imposed, without setting out all the facts constituting the record. 24 C. J. S. 130, Criminal Law, § 1600.

While the judgment must be responsive to the offense charged and in accord with the verdict of the jury, and must also be sufficiently definite, certain, and specific to identify the offense involved, it is not necessary that the judgment describe the offense with technical precision or specify the particular statute which defines the offense and prescribes the penalty therefor.

In our opinion, the judgment in this instance recited every necessary jurisdictional element and was otherwise sufficient in form and content.

Appellant's next contention is that the judgment does not sufficiently designate the character of the carnal knowledge with which he was charged and of which he was convicted. His argument, as we understand it, is that Rem. Rev. Stat. (Sup.), § 2436, referring to carnal knowledge of children, mentions two or more ways in which it may be committed, and fixes a different penalty according to the age of the child victim. It is true that the statute makes it an offense, whether committed by an adult male person upon a female child under the age of eighteen years, or by a female person upon a male child under the same age, and further prescribes a penalty of life imprisonment if committed upon a child under the age of fifteen years, and a penalty of imprisonment for not more than twenty years if committed upon a child of fifteen, and under eighteen, years of age.

Certainly the appellant cannot be heard to say, as he seemingly contends, that it is impossible to ascertain from the judgment and sentence whether the crime was committed by a male or by a female person. Nor can he complain that he received the lesser penalty, based upon the age of his victim, as shown by the record.

While the judgment involved in this case does not show on its face that the offense was committed upon a child of the age of fifteen years, it does refer to the information and to the fact that the appellant was by the court informed of the nature of the information to which he had pleaded guilty. The judgment must be read as a whole and in connection with the record of the cause in which it is entered, and if, when so read, it is not indefinite or uncertain, it is neither void nor voidable. *State v. Moser*, 94 Wash. 465, 162 Pac. 582; *State v. Schluter*, 109 Wash. 78, 186 Pac. 267; *State v. Scofield*, 129 Wash. 295, 224 Pac. 941. Reading the judgment in the light of the statute and of the record, as submitted to us, we find it to be correct, accurate, and easily understandable.

The third contention made by the appellant in his brief is that the judgment imposed a sentence of a "term of *not less than to be set by the Parole Board* and not more than

twenty years," whereas the parole board was a nonexistent agency at the time of the rendition of the judgment.

It is true that at the time of appellant's conviction and sentence the parole board as theretofore known was no longer in existence, having been supplanted in 1935 by the board of prison terms and paroles. Rem. Rev. Stat. (Sup.), § 10249-1 [P. P. C. § 782-1]. However, under § 2 of the 1935 act, Rem. Rev. Stat. (Sup.), § 10249-2 [P. P. C. § 782-5], it is the duty of the court to fix the maximum term as provided by law for the crime of which the person was convicted, or, if the law does not itself provide a maximum term for such crime, then to fix a maximum term for any number of years up to, and including, life imprisonment, but not *less* than twenty years. Under this same section of the statute, the board of prison terms and paroles is required, within six months after the convicted person is imprisoned, to fix the duration of confinement, which term shall not exceed the maximum provided by law for the particular offense, or the maximum otherwise fixed by the court. Rem. Rev. Stat. (Sup.), § 2436 (1), relating to carnal knowledge of children, fixes the maximum term of imprisonment at "not more than twenty years," where the offense is committed upon a child fifteen, and under eighteen, years of age.

All that the court could do, in the case at bar, was to fix the punishment at not more than twenty years, and any attempt to fix a *minimum* sentence, as indicated by the phrase "not less than to be fixed by the Parole Board" would be, and was, contrary to law and void.

When a sentence is legal in one part and illegal in another, the illegal part, if separable, may be disregarded, and the legal part enforced. *State v. Feilen,* 70 Wash. 65, 126 Pac. 75, Ann. Cas. 1914B, 512. That portion of the judgment which fixed appellant's confinement at not more than twenty years was legal and proper under the statute, and the remainder, of which appellant complains, will be disregarded as surplusage. 24 C. J. S. 116, Criminal Law, § 1586.

This disposes of all the contentions made by the appellant in his brief. We shall now consider the additional conten-

tions made by him on the oral argument. The first of these contentions is that there is no such crime as "carnal knowledge."

The information involved in this case charged the appellant with the crime of carnal knowledge in that on a certain day he wilfully, unlawfully, and feloniously did carnally know and abuse a female child (naming her) under the age of eighteen years, to wit: of the age of fifteen years. The information thus specifically charged the appellant with doing the act for which the statute prescribes the penalty. The fact that the information designates the offense as "carnal knowledge," in no sense detracts from the charge. That term is one of common knowledge and acceptation, and is employed to avoid circumlocution. Rem. Rev. Stat., § 2063 [P. P. C. § 132-25], provides that the words used in an indictment or information must be construed in their usual acceptation, in common language, except such words and phrases as are defined by law, in which event they are to be construed according to their legal meaning. The words "carnal knowledge" not only have a common acceptation but are defined in Rem. Rev. Stat., § 2437 [P. P. C. § 118-185], in accordance with that acceptation, as "any sexual penetration, however slight."

Furthermore, Rem. Rev. Stat., § 2064 [P. P. C. § 132-27], provides that words used in a statute to define a crime need not be strictly pursued in the indictment or information, but other words conveying the same meaning may be used. The words "carnal knowledge" have long been used to designate offenses of the kind involved here and their meaning is well understood.

Appellant's next contention is that the judgment fails to show that he, the person charged with, and convicted of, the offense, is an "adult" person. Rem. Rev. Stat. (Sup.), § 2436, under which appellant was charged, provides that

"Every adult male person who shall carnally know and abuse any female child under the age of eighteen years, not his wife, . . . shall be punished . . . ."

Appellant pleaded guilty to that charge and was by the court informed of the nature of the offense, whereupon judgment of conviction and sentence was entered against him. By his plea of guilty, appellant admitted that he, an adult, had carnally known and abused a female child, not his wife, of the age of fifteen years.

A judgment or sentence need not state all the elements or particulars of the offense charged, nor need the crime be designated technically and in detail. *In re Boggie, ante* p. 102. The judgment is sufficient if it, alone or in conjunction with the record, affords the defendant ample protection against a second prosecution for the same offense. *Hambrick v. Florida,* 80 Fla. 672, 86 So. 623, 14 A. L. R. 987; 15 Am. Jur. 105, Criminal Law, § 445.

Appellant's final contention is that the statute under which he was convicted, chapter 74, p. 321, Laws of 1937 (Rem. Rev. Stat. (Sup.), § 2436) is unconstitutional, contravening Art. II, § 19, of the Washington constitution, which provides that "no bill shall embrace more than one subject, and that shall be expressed in the title."

The title of the act here in question reads:

"An Act relating to the crimes of carnal knowledge of children, crime against nature and indecent assault and exposure and amending §§ 2436, 2442 and 2456 of Remington's Revised Statutes."

From a reading of the original sections of the statute mentioned in the foregoing title, together with the amendatory act itself, it becomes apparent that the legislature, by enacting the amending law, was simply increasing the punishment for acts defined in the original statutes as criminal when committed upon children of certain ages.

The matters covered by the amendatory act are intimately related to each other and may be classified under the unified subject of "Crimes against morality, decency and nature." The original sections were parts of the extensive criminal code of 1909 (Laws of 1909, chapter 249, p. 890, *et seq.,* Rem. Rev. Stat., § 2253 [P. P. C. § 112-1] *et seq.*), embracing four

hundred forty-four sections, the title to which act reads thus:

"AN ACT relating to crimes and punishments and the rights and custody of persons accused or convicted of crime, and repealing certain acts."

If the title to the original code was sufficient, as declared in *State v. Blaine,* 64 Wash. 122, 116 Pac. 660, then certainly the title to the act here in question is also sufficient.

As stated in the early case of *Marston v. Humes,* 3 Wash. 267, 28 Pac. 520, and approved in the case of *State v. Blaine, supra,*

"The legislature may adopt just as comprehensive a title as it sees fit, and if such title when taken by itself relates to a·unified subject or object, it is good, however much such unified subject is capable of division."

Further, as stated in *State ex rel. Reitmeier v. Oakley,* 129 Wash. 553, 225 Pac. 425,

"We have always held that the constitutional provision respecting the title to enactments, from considerations of public policy, should be liberally construed, and that in deference to legislative discretion upon the subject, acts will not be construed as void unless they are so beyond any reasonable doubt. [Citing cases.]"

This disposes of all the questions presented by the appellant seriatim in his brief and in his oral argument. We desire, at this point, however, to reaffirm and stress a rule of law and procedure, in this state, which furnishes a complete and conclusive answer to all of appellant's contentions here.

Proceedings to obtain a writ of *habeas corpus* are not available or permissible to review trial errors, but are limited by law to those cases where it appears that the judgment, including the sentence pursuant to which the petitioner for such writ is held in confinement, *is void on its face. In re Grieve,* 22 Wn. (2d) 902, 158 P. (2d) 73; *In re Van Wagner, ante* p. 99; *In re Boggie, ante* p. 102.

The opinion in the *Grieve* case, *supra,* was delivered April 24, 1945, which was after the entry of the order of the superior court from which the present appeal was taken. From

a reading of that opinion, it appears that the course of procedure pursued in that case, in the superior court, was exactly the same as that which the appellant has followed in this case. In presenting the question to be decided on appeal in the *Grieve* case, this court said:

"Literally, there is but one question presented to the court for decision, and that is: Is this a judgment or a nullity? Moreover, that question is to be resolved by an examination of the judgment pleaded only, and not by opening up the record or by the taking of testimony."

Following that pronouncement, the opinion quoted and approved the statement made in the case of *In re Voight*, 130 Wash. 140, 226 Pac. 482, that:

"No proposition is better settled in this state than that the writ of *habeas corpus* cannot be used to collaterally attack a judgment, even though the judgment is erroneous, if not utterly void."

In the case at bar the judgment is, as we have already shown, regular upon its face. Appellant therefore cannot by writ of *habeas corpus* collaterally attack it.

The order of the superior court denying the writ is affirmed.

BEALS, C. J., MILLARD, SIMPSON, and MALLERY, JJ., concur.