[No. 32252.   Department One.   March 13, 1953.]

THE STATE OF WASHINGTON, *Respondent*, v. LEO LUKE, *Appellant*.[1]

*Leo Luke, pro se.*

*Maloy Sensney* and *Herbert H. Davis,* for respondent.

OLSON, J.—Two criminal cases are consolidated for the purposes of this appeal.  The question presented is whether or not the provisions for the concurrent service of the sen-

[1]Reported in 254 P. (2d) 718.

tences imposed upon defendant by the judgments in those causes are valid and can be enforced.

From the agreed statement of facts, it appears that: defendant was convicted February 3, 1949, upon his plea of guilty in Benton county cause No. 1341, charging forgery in the first degree in one count, and in Benton county cause No. 1476, charging the same crime in three counts; both convictions were had before sentence was pronounced for either of them; the judgments in each cause provided that defendant serve a maximum term of twenty years for each crime and that all the sentences be served concurrently, that is, that the sentence in cause No. 1341 be served concurrently with those imposed for each of the three counts in cause No. 1476, and that those imposed in No. 1476 be served concurrently with each other and with the sentence in cause No. 1341; the board of prison terms and paroles, which we will refer to as the board, established the minimum term to be served by defendant for each crime; it ordered that he concurrently serve an identical minimum term upon each count in cause No. 1476 and that the minimum term in cause No. 1341 be served consecutively to those in cause No. 1476.

Defendant was represented by counsel upon his arraignment in both causes and upon the presentation of his petition, which he prepared himself, after the judgments were entered. He first questioned the validity of the judgments by moving to vacate them. He then petitioned the court to order the board to comply with the judgments by allowing him to serve all his sentences concurrently, and has appealed from the order denying him any relief. He appears in this court *pro se.*

Considering first the validity of the judgments, we find that the sentencing court had jurisdiction of the subject matter and of the person of defendant, against whom its judgments were pronounced. It also had authority to render the particular judgments imposing the maximum sentence for each crime. The maximum penalty for forgery in the first degree, the crime charged against this

defendant, is twenty years. RCW 9.44.020 [*cf.* Rem. Rev. Stat., § 2583]. The court is required to sentence each person convicted of a felony to serve the maximum penalty provided for that felony. RCW 9.95.010 [*cf.* Rem. Supp. 1947, § 10249-2]. See *In re Clark,* 24 Wn. (2d) 105, 163 P. (2d) 577 (1945), in which the essentials of a valid judgment are detailed. Also, *State ex rel. Plumb v. Superior Court,* 24 Wn. (2d) 510, 514, 166 P. (2d) 188 (1946), and cases cited.

But some of the provisions in the judgments are in conflict with RCW 9.92.080 [*cf.* Rem. Rev. Stat., § 2285], the pertinent portions of which read as follows:

"Whenever a person is convicted of two or more offenses before sentence has been pronounced for either, the imprisonment to which he is sentenced upon the second or other subsequent conviction shall commence at the termination of the first or other prior term or terms of imprisonment to which he is sentenced; . . . *Provided,* That whenever a person is convicted of two or more offenses set forth as separate counts in one indictment or information the court may, in pronouncing sentence, provide that sentences therefor shall run concurrently."

The sentences imposed upon defendant in cause No. 1476 were for "offenses set forth as separate counts in one information," and the court had authority, in the exercise of its discretion, to order that they be served concurrently. *In re Grieve v. Smith,* 26 Wn. (2d) 156, 158, 173 P. (2d) 168 (1946). But the court exceeded its authority when it ordered that the sentences imposed in each cause be served concurrently, the convictions in both causes having been had before sentence was pronounced for either. Being in excess of the authority of the court, these provisions of the judgments in each cause are illegal. *Williams v. McCauley,* 7 Wn. (2d) 1, 7, 108 P. (2d) 822 (1940).

The state contends that, if the provisions in question are illegal, the judgments and sentences are not void. It argues that these provisions are separable from the rest of the judgments and sentences and may be disregarded and the remainder, or legal portions, enforced. *In re Gossett v. Smith,* 34 Wn. (2d) 220, 222, 208 P. (2d) 870 (1949), and

cases cited. We agree with this contention. The provisions regarding the concurrent service of the sentences are directory and are but a mandate regarding their execution.

■ Nor can defendant prevail upon his argument that the provisions for the concurrent service of his sentences were included in the judgments with his consent or upon the motion of the state. Regardless of the desires of the parties, the court was not authorized to grant such an order. The quoted statute is mandatory and became a part of the judgments the same as if the court had complied with it. Defendant is now in the identical position in which he would be either if the court had done what the statute requires or if he were to be resentenced.

. Finally, defendant submits that the trial court should have ordered the board to obey the judgments. His argument is that the board has no authority to correct the judgment of the court, and that, until the court declares that a portion of a judgment is to be disregarded, the board must obey the entire judgment. While this proposition may be sound, it is of no avail to this defendant. Not only is the order of the board now correct, as we construe the judgments, but we agree with the trial court in its conclusion that it had no jurisdiction over the board on this petition by defendant.

The order is affirmed.

GRADY, C. J., MALLERY, HILL, and WEAVER, JJ., concur.