[No. 45162. En Banc. August 3, 1978.]

*In the Matter of the Personal Restraint of*
JAMES AKRIDGE III, ET AL, *Petitioners.*

*John G. Ziegler,* for petitioners.

*Slade Gorton, Attorney General,* and *Nate D. Mannakee, Assistant,* for respondent.

BRACHTENBACH, J.—This action involves personal restraint petitions by three penitentiary inmates. Because the petitions raised first impression issues, this court heard the petitions rather than transferring to the Court of Appeals, which is the usual practice. RAP 16.5(b).

Petitioners had been convicted of felonies, served time and were paroled. While on parole each was convicted of one or more felonies. The Board of Prison Terms and Paroles (board), without a revocation hearing, revoked parole, set minimum terms for the parole violations, set the starting date for the subsequent conviction to be after the completion of the parole violation minimum term and set minimum terms on the subsequent felony conviction. The net effect is that each petitioner will serve his minimum term for parole violation before beginning his consecutive minimum term for the subsequent felony conviction.

Petitioners raise three issues: (1) Is a parole revocation hearing constitutionally required as a condition of parole revocation when a parolee is convicted of a felony while on parole? The answer is yes. (2) Does the board have statutory authority to order service of the minimum term for parole violation before commencement of the term for the subsequent felony conviction? The answer is yes. (3) Vis-a-vis issue 2, does only the superior court have authority to set consecutive terms for parole violation via a felony conviction while on parole? The answer is no.

We hold that petitioners have a constitutional right to a hearing, the nature of which is described hereafter, to determine whether their felony convictions justified parole

revocation. We hold that the board had authority to set the consecutive sentences and the timing thereof, as it did.

■ Parole revocation is a two–step proceeding. First, the fact of violation must be established. Second, it must be determined whether the violation warrants revocation. *Morrissey v. Brewer,* 408 U.S. 471, 33 L. Ed. 2d 484, 92 S. Ct. 2593 (1972).

Our statutes, predating *Morrissey,* provide for the required hearing except when the parole violation is a conviction of a felony or a misdemeanor.

> Whenever a paroled prisoner is accused of a violation of his parole, other than the commission of, and conviction for, a felony or misdemeanor under the laws of this state . . . he shall be entitled to a fair and impartial hearing of such charges within thirty days from the time that he is served with charges of the violation of conditions of his parole after his arrest and detention.

RCW 9.95.120. *See* RCW 9.95.121–.125 for revocation proceedings and circumstances other than subsequent convictions.

■ In *Morrissey* the court stated, in dicta, that a conviction of another crime obviated the first step of the revocation hearing. It said at page 490:

> Obviously a parolee cannot relitigate issues determined against him in other forums, as in the situation presented when the revocation is based on conviction of another crime.

However, *Morrissey* clearly mandated a second step to the revocation hearing to determine whether the violation, whether or not established by a conviction, warranted revocation. The court said at pages 487–88:

> There must also be an opportunity for a hearing, if it is desired by the parolee, prior to the final decision on revocation by the parole authority. This hearing must be the basis for more than determining probable cause; it must lead to a final evaluation of any contested relevant facts and consideration of whether the facts as determined warrant revocation. The parolee must have an opportunity to be heard and to show, if he can, that he did not violate the conditions, [apparently not applicable

in the case of a conviction] or, if he did, that circumstances in mitigation suggest that the violation does not warrant revocation.

The court based its decision upon a due process evaluation of the conditional liberty of the parolee. The State contends that its procedures meet the *Morrissey* criteria because the sentencing judge's decision to deny probation on the subsequent felony conviction is equivalent to a parole revocation hearing and that the parolee has had his hearing at the sentencing stage of the subsequent conviction. While there is merit to that argument, we think the better solution is to vest total parole revocation authority in the board. A sentencing judge should not have the pressure of knowing that his or her decision for punishment on a felony or misdemeanor is equivalent to an absolute parole revocation. That is the result the State urges.

The *Morrissey* due process standards are flexible and minimal. The opinion realistically recognized that the prisoner is entitled to know the charges, here established by the convictions, and to offer mitigating evidence, formal or informal, why revocation should not occur. The *Morrissey* opinion makes it clear that the proceedings are narrow and flexible. The particular procedures involved are to be determined by the states. Our state's statutory scheme recognizes the board's expertise in this area. Consequently, it is required to make the parole revocation decision rather than relying exclusively upon the trial court's decision to not grant probation.

Our narrow holding is that *Morrissey* requires that the parolee have an opportunity to explain why a subsequent conviction should not result in parole revocation. The *Morrissey* requirements grafted on our statutory scheme mandate that this "opportunity to explain" occurs before the body vested with parole revocation authority—the board. The legislature has not provided for the parole revocation hearing to occur before the sentencing judge on the subsequent conviction. Consequently, the constitutionality of such a procedure is not before us.

■ The next issue is whether petitioners can be required to serve their terms for parole violation before commencement of the terms for their subsequent felony convictions. RCW 9.95.060 states the general rule that time on a sentence begins with the date of judgment and sentence. Thus, petitioners argue that the time on their subsequent convictions should begin with the date of judgment and sentencing rather than after serving their parole violation terms. Not so. RCW 9.92.080(1) provides certain exceptions to the judgment and sentence starting date:

> Whenever a person while under sentence of felony shall commit another felony and be sentenced to another term of imprisonment, such latter term shall not begin until the expiration of all prior terms . . .

Petitioners contend that since they were on parole and thus not serving a "term of imprisonment," the consecutive service statute is not applicable. That interpretation is not persuasive. The only reason petitioners were not serving inside the institution is the grace of the board in believing that they were candidates for parole rehabilitation. When subsequently convicted they had not yet completed prior terms. The statute, logic and common sense dictate that they should serve out their underlying terms before paying their price for their additional offenses.

■ The third issue comes from petitioners' ingenious, but not convincing, argument that only the trial court can impose consecutive terms. They failed to heed the literal language of the statute, RCW 9.92.080, which mandates consecutive sentences for separate and distinct offenses unless the *court* expressly orders concurrent sentences. Here the trial courts did not have the sentences upon the parole revocation before them because they had not yet been set by the board, but we must assume that the courts knew that their imposition of sentences would lead to a revocation and setting of minimum terms for parole violations. The trial courts did not see fit to impose sentences for the subsequent felonies to run concurrently with whatever parole violation terms might be set by the board. The

statute vests only the trial court with the authority to order concurrent service of terms. Unless the court orders concurrent service, the board's only option is to set consecutive terms.

These matters are referred to the Board of Prison Terms and Paroles for the sole purpose of holding hearings, within the guidelines of this opinion, to determine whether revocation of parole should occur.

WRIGHT, C.J., and ROSELLINI, HAMILTON, STAFFORD, UTTER, HOROWITZ, DOLLIVER, and HICKS, JJ., concur.

Reconsideration denied November 20, 1978.