[Nos. 2911–3; 2912–3.   Division Three.   November 28, 1978.]

*In the Matter of the Personal Restraint of*
HENRY BERNARD McCOY, *Petitioner.*

*In the Matter of the Personal Restraint of*
WAYNE ROBERT SMITH, *Petitioner.*

*Dan Stormer* and *Wayne Lieb* of *Institutional Legal Services,* for petitioners.

*Slade Gorton, Attorney General, Nate Mannakee, Assistant, Donald C. Brockett, Prosecuting Attorney,* and *William T. Gissberg, Deputy,* for respondent.

MUNSON, C.J.—By personal restraint petitions, Wayne Robert Smith and Henry Bernard McCoy both seek resentencing on Spokane County convictions of second–degree burglary.[1]

At the time of his plea of guilty and sentencing on the burglary charge, Mr. Smith was under sentence and on parole from a grand larceny conviction. He was sentenced to imprisonment for 15 years on the burglary charge, "The said sentence to run CONCURRENTLY with any other sentence." His parole was subsequently revoked as a result of the burglary conviction.

Contrary to the court's directions, the Board of Prison Terms and Paroles set Mr. Smith's minimum terms of imprisonment at 1 year on the grand larceny conviction and 3 years on the burglary charge, *to run consecutively.*

Similarly, Mr. McCoy was on parole from a grand larceny conviction when he pleaded guilty to and was sentenced on a charge of second–degree burglary. The court imposed a

---

[1]Because both petitions present the same issue, they have been consolidated for review and disposition.

15–year sentence, "The said sentences [*sic*] to run CONCURRENTLY with existing sentences." His parole on the larceny charge was revoked as a result of the burglary conviction.

Again, contrary to the court's directions, the Board of Prison Terms and Paroles set minimum terms of 1 year on the larceny conviction and 4 years for the burglary, the sentences *to run consecutively.*

Both petitioners contend the sentences imposed in the Superior Court were erroneous, in violation of RCW 9.92.080(1)[2] which provides that their sentences should have run consecutively. Despite their concession that they should have been given consecutive terms by the court, they nonetheless challenge the imposition of consecutive minimum terms by the Board of Prison Terms and Paroles as exceeding its authority in the face of the trial court's commands that the sentences run concurrently. They contend the appropriate relief from both errors is a remand for resentencing in Spokane County Superior Court.

■■ The imposition of concurrent sentences was error. *See State v. Loux,* 69 Wn.2d 855, 420 P.2d 693 (1966); *State v. Luke,* 42 Wn.2d 260, 262, 254 P.2d 718 (1953). *See also In re Williams,* 21 Wn. App. 238, 583 P.2d 1262 (1978). As the court said in *In re Akridge,* 90 Wn.2d 350, 354, 581 P.2d 1050 (1978), "The statute, logic and common sense dictate that they should serve out their underlying terms before paying their price for their additional offenses."

Despite the errors of the sentencing courts, the judgments and sentences are not void, *State v. Loux, supra; State v. Luke, supra;* nor is a remand for resentencing necessarily the appropriate remedy for correcting the obvious error. As this court said in *State v. Ross,* 20 Wn. App. 448,

---

[2]RCW 9.92.080(1) provides:

"(1) Whenever a person while under sentence of felony shall commit another felony and be sentenced to another term of imprisonment, such latter term shall not begin until the expiration of all prior terms: *Provided,* That any person granted probation pursuant to the provisions of RCW 9.95.210 and/or 9.92.060 shall not be considered to be under sentence of a felony for the purposes of this subsection."

451, 580 P.2d 1110 (1978), citing *In re Clark,* 24 Wn.2d 105, 113, 163 P.2d 577 (1945), "When a sentence is legal in one part and illegal in another, the illegal part, if separable, may be disregarded, and the legal part enforced."

The faulty portions of the judgments and sentences— that they run concurrently—are severable and may be disregarded. Under those circumstances, as the court expressly held in *In re Akridge, supra* at 355, the Board of Prison Terms and Paroles has no option but to set the minimum terms of Mr. Smith and Mr. McCoy to run consecutively. *See also State v. Loux, supra; State v. Luke, supra.*

While some sections of RCW 9.92.080[3] grant the sentencing court discretion in deciding whether to impose consecutive or concurrent terms, as the court noted in *In re Akridge, supra* at 354,[4] the consecutive service section of the statute is applicable to Mr. Smith and Mr. McCoy.

Finally, Mr. Smith and Mr. McCoy contend resentencing is necessary because due process requires that the sentencing judge be aware of his alternatives. They argue that since the sentencing courts imposed terms in violation of the statute, they could not have been aware of the illegality

---

[3]RCW 9.92.080(2) provides:

"(2) Whenever a person is convicted of two or more offenses which arise from a single act or omission, the sentences imposed therefor shall run concurrently, unless the court in pronouncing sentence, expressly orders the service of said sentences to be consecutive."

RCW 9.92.080(3) provides:

"(3) In all other cases, whenever a person is convicted of two or more offenses arising from separate and distinct acts or omissions, and not otherwise governed by the provisions of subsections (1) and (2) of this section, the sentences imposed therefor shall run consecutively, unless the court, in pronouncing the second or other subsequent sentences, expressly orders concurrent service thereof."

[4]By way of dicta in *In re Akridge, supra* at 354, the court noted that the sentencing court "did not see fit to impose sentences for the subsequent felonies to run concurrently with whatever parole violation terms might be set by the board." That comment was not necessary to decide the issue presented. We believe the above–quoted language paints with too broad a brush. As the Superior Court noted in *Akridge,* consecutive sentences are *mandated* by RCW 9.92.080 with the exception of those situations set out in subsections (2) and (3) of the statute, neither of which is applicable here.

and were not cognizant of their sentencing alternatives such as probation or suspension of the sentences.

Their argument is not well taken. Mr. Smith initially received probation on the burglary charge and was sentenced to imprisonment for 15 years only after he violated the conditions of that probation. In Mr. McCoy's case, the following language was stricken from his judgment and sentence, "said judgment and sentence are suspended on the conditions set out in Schedule A attached hereto." Thus, the sentencing courts in both cases were well aware of other sentencing alternatives and chose to impose terms of incarceration. The Board of Prison Terms and Paroles was correct in setting the minimum terms to run consecutively; the petitions are dismissed.[5]

GREEN and McINTURFF, JJ., concur.

---

[5]Neither Mr. Smith nor Mr. McCoy alleged that their sentences were the results of plea bargaining. Had that been the case, specific enforcement would lie to set the terms concurrently. *In re Williams, supra.*