[No. 46215. En Banc. November 8, 1979.]

DANNY BROOKS, *Petitioner*, v. B. J. RHAY, ET AL, *Respondents*.

*Dan Stormer* of *Spokane Legal Services Center, Sally Harrison* and *John Midgley* of *Institutional Legal Services,* and *John Ziegler* of *Seattle–King County Public Defender Association,* for petitioner.

*Slade Gorton, Attorney General,* and *Nate Manakee, Assistant,* for respondents.

PER CURIAM.—This matter involves a petition for writ of habeas corpus challenging the action of the Board of Prison Terms and Paroles in unilaterally changing an illegal sentence. The trial court dismissed the petition for writ of

habeas corpus and Division Three of the Court of Appeals affirmed the trial court's dismissal.

It appears from the records herein that the sentencing judge expressly ordered that the petitioner's sentence was to run concurrently with a previously imposed sentence. By doing so, the sentencing judge clearly intended to show the petitioner some leniency. However, it is undisputed that the sentencing judge acted contrary to law in ordering the sentences to run concurrently.[1] The board responded to this situation by determining the two sentences would run consecutively.

■ It has been the consistent holding of this court that the existence of an erroneous sentence requires resentencing. *Dill v. Cranor*, 39 Wn.2d 444, 235 P.2d 1006 (1951); *State v. Pringle*, 83 Wn.2d 188, 517 P.2d 192 (1973). The case of *In re Clark*, 24 Wn.2d 105, 163 P.2d 577 (1945) is not to the contrary. There the court held where a sentence is legal in one part and illegal in another, the illegal part, if separable, may be disregarded and the legal part enforced. The sentence at issue in *Clark* erroneously assigned responsibility to the "Parole Board" to set the defendant's minimum sentence, though the board had in fact been dissolved at the time. Since the Board of Prison Terms and Paroles would by statutory authority then set the defendant's minimum sentence, the remainder of the sentence could be imposed with no frustration of the court's purpose. Here, by contrast, the trial court sentence is indivisible in that the court set sentences upon the assumption they would be served concurrently.

Had the trial court been aware that it could not legally sentence the petitioner to prison except under a consecutive sentence, the trial court's leniency could well have been expressed in a suspended or deferred sentence. A contrary result was reached when the Board of Prison Terms and

---

[1]RCW 9.92.080(1) provides that in most circumstances where a sentence is imposed for a felony committed while the defendant is already under sentence for a prior felony, the two sentences shall run consecutively.

paroles imposed upon the petitioner the severe sanction of a consecutive prison term. Such a sanction was in direct contradiction of the trial judge's intention of leniency. Under this set of circumstances, the case law clearly holds that the trial court has the power and the duty to correct the erroneous sentence. *McNutt v. Delmore,* 47 Wn.2d 563, 288 P.2d 848 (1955); *cert. denied,* 350 U.S. 1002, 100 L. Ed. 866, 76 S. Ct. 550 (1956). The entire judgment of the trial court is not rendered void or unenforceable. The conviction still stands. The appropriate remedy is resentencing to correct the erroneous sentence imposed. *State v. Loux,* 69 Wn.2d 855, 420 P.2d 693 (1966).

We are aware that the Court of Appeals rested its decision upon the prior case of *In re McCoy,* 22 Wn. App. 7, 587 P.2d 199 (1978). That case, however, was incorrectly decided, and is overruled insofar as it is inconsistent with this opinion.

This case is hereby remanded to the trial court for resentencing.