600

[Nos. 2911-5-III; 2912-3-III. Division Three. March 18, 1980.]

In the Matter of the Personal Restraint of
HENRY BERNARD McCoy, *Petitioner.*

In the Matter of the Personal Restraint of
WAYNE ROBERT SMITH, *Petitioner.*

*Dan Stormer* of *Spokane Legal Services Center,* for petitioners.

*Slade Gorton, Attorney General, Nate D. Mannakee, Assistant,* and *Donald C. Brockett, Prosecuting Attorney,* for respondent.

MUNSON, J.—Wayne Robert Smith and Henry Bernard McCoy seek reconsideration of this court's decision dismissing their personal restraint petitions, *In re McCoy,* 22 Wn. App. 7, 587 P.2d 199 (1978) (discretionary review denied by the Supreme Court by order of January 25, 1979), in light of the Supreme Court's per curiam opinion

in *Brooks v. Rhay,* 92 Wn.2d 876, 602 P.2d 356 (1979).[1]

Petitioners were convicted of burglary while they were under sentence of another felony. Instead of ordering their sentences to run consecutively in accordance with RCW 9.92.080(1),[2] the court set the sentences to run concurrently. In both cases, contrary to the court's direction, the Board of Prison Terms and Paroles set their minimum terms of imprisonment to run consecutively with the prior sentences. Both conceded that they should have been given consecutive terms by the court, but they challenged the imposition of the consecutive minimum terms by the Board of Prison Terms and Paroles as exceeding its authority in the face of the trial court's orders. They asked for resentencing.

We dismissed their petitions, recognizing that the imposition of concurrent sentences was error, but believing a remand for resentencing was not the only appropriate remedy for correcting the error. We found the faulty portions of the judgment and sentences—that they run concurrently—were severable and could be disregarded by the board in setting the minimum terms. *State v. Luke,* 42 Wn.2d 260, 262, 254 P.2d 718 (1953).

We also rejected the petitioners' claims that resentencing was necessary because due process required the sentencing judge be aware of his alternatives, *i.e.,* deferred sentence, suspended sentence, or incarceration in a state institution. We concluded that the sentencing judges were well aware of

---

[1]There is no provision in the Rules of Appellate Procedure for reopening these files. They were reactivated in the exercise of the Chief Judge's discretion because of the Supreme Court's opinion in *Brooks.*

[2]RCW 9.92.080 provides in part as follows:

"(1) Whenever a person while under sentence of felony shall commit another felony and be sentenced to another term of imprisonment, such latter term shall not begin until the expiration of all prior terms: *Provided,* That any person granted probation pursuant to the provisions of RCW 9.95.210 and/or 9.92.060 shall not be considered to be under sentence of a felony for the purposes of this subsection."

their alternatives and chose to impose terms of incarceration.

■ In *Brooks v. Rhay, supra* at 878, however, the court found our decision in *In re McCoy, supra,* "was incorrectly decided, and is overruled insofar as it is inconsistent with" *Brooks.* There, the Supreme Court agreed that concurrent sentences in situations such as these were invalid and stated at page 877: "It has been the consistent holding of this court that the existence of an erroneous sentence requires resentencing." *Brooks* also assumed that a concurrent sentence, as opposed to a consecutive sentence, was an expression of the trial court's concern for leniency. The court said the setting of consecutive minimum terms by the Board of Prison Terms and Paroles was "in direct contradiction of the trial judge's intention of leniency," and, therefore, "the case law clearly holds that the trial court has the power and the duty to correct the erroneous sentence." *Brooks v. Rhay, supra* at 878.

In *McCoy,* we relied on *State v. Luke, supra* at 263, where the court found that the statutorily mandated consecutive sentencing became a part of the questioned judgments just as if the trial court had complied with the statute and set consecutive, instead of concurrent, terms: "Defendant is now in the identical position in which he would be either if the court had done what the statute requires or if he were to be resentenced." *Brooks* appears to overrule *Luke sub silentio* and perhaps modified *In re Akridge,* 90 Wn.2d 350, 354–55, 581 P.2d 1050 (1978).[3]

---

[3]At the time *Luke* was decided, RCW 9.92.080 was worded differently; it was amended in 1971. Also in 1953, RCW 9.95.200 provided that probation was not available if a person had been previously convicted of a felony or gross misdemeanor (Laws of 1949, ch. 76, § 1, p. 172; Laws of 1949, ch. 59, § 1, p. 148; Laws of 1939, ch. 125, § 1, p. 353; Laws of 1921, ch. 69, § 1, p. 204). These provisions have since been amended out of the probation and suspended sentence statutes. Thus, the language in *Luke* to the effect that the defendant would be "in the identical position" is no longer applicable.

In *In re Akridge, supra* at 354, the court said:

The trial courts did not see fit to impose sentences for the subsequent felonies to run concurrently with whatever parole violation terms might be set by the

Thus, in fairness to these petitioners, we grant their petitions and order that they be returned to Spokane County Superior Court for resentencing.

GREEN, C.J., and MCINTURFF, J., concur.

board. The statute vests only the trial court with the authority to order concurrent service of terms. Unless the court orders concurrent service, the board's only option is to set consecutive terms.

*Brooks v. Rhay, supra* at 877 states:

It appears from the records herein that the sentencing judge expressly ordered that the petitioner's sentence was to run concurrently with a previously imposed sentence. By doing so, the sentencing judge clearly intended to show the petitioner some leniency. However, it is undisputed that the sentencing judge acted contrary to law in ordering the sentences to run concurrently.

(Footnote omitted.)