[No. 46598–3. Department One. July 16, 1981.]

RICHARD P. EMERY, *Respondent*, v. DIANE OBERQUELL, ET AL, *Appellants*.

*W. Kirkland Taylor,* for respondent.

*Kenneth O. Eikenberry, Attorney General,* and *Nate D. Mannakee, Assistant,* for appellants.

PER CURIAM.—Upon respondent's petition the trial court vacated the administrative revocation of respondent's parole status and ordered the Board of Prison Terms and Paroles to conduct a new hearing. Because we find the case indistinguishable from *In re Haverty,* 94 Wn.2d 621, 618 P.2d 1011 (1980), we hold that *Haverty* controls, and therefore affirm.

Petitioner Richard Emery was convicted in 1974 of two counts of second degree burglary and one count of grand larceny. He was paroled on October 24, 1977, and absconded his parole supervision following the filing of charges in connection with a burglary committed January 3, 1978. While in California, Emery was convicted and sentenced for another burglary. Upon completion of his California sentence, he waived extradition and was returned to the King County jail on May 11, 1978. An order of parole suspension was served on him that day.

Based on the California conviction, and by authority of RCW 9.95.120, Emery's parole was revoked without a hearing on June 7, 1978. Some 2 months later, this court held, in *In re Akridge,* 90 Wn.2d 350, 581 P.2d 1050 (1978), that a summary revocation of parole status without a hearing is an unconstitutional denial of due process.

Emery petitioned for a writ of habeas corpus in superior court. In an order dated October 16, 1979, the Superior Court held that the requirements of *Akridge* must be applied retroactively to the revocation of Emery's parole. The court therefore vacated the parole revocation and directed the Board of Prison Terms and Paroles to conduct a revocation hearing within a reasonable time. The Board and its then chairman appealed directly to this court.

After the appeal was filed we decided *In re Haverty, supra.* In that case the petitioner contended that his

administrative parole revocation prior to the decision in *Akridge* violated his due process rights. We agreed, holding that direct application of *Morrissey v. Brewer,* 408 U.S. 471, 33 L. Ed. 2d 484, 92 S. Ct. 2593 (1972) alone required us to grant the petition and also that *Akridge* must be applied retroactively. The present case is indistinguishable from *Haverty.* The Superior Court was therefore correct in applying the rule in *Akridge* to this case.

Affirmed.