[No. 8572–4–III. Division Three. December 8, 1987.]

THE STATE OF WASHINGTON, *Respondent,* v. DAVID E. VANCE, *Appellant.*

*William McCool* and *McCool & Butaud,* for appellant.

*Donald W. Schacht, Prosecuting Attorney,* and *James Nagle, Deputy,* for respondent.

MUNSON, J.—David E. Vance seeks review of his standard range sentence for second degree murder. He contends that his sentence is appealable despite language to the contrary in RCW 9.94A.210(1). He also contends that the trial court erred by failing to find certain mitigating circumstances and by failing to impose a sentence below the standard range based on those factors. We affirm.

On July 24, 1985, an information was filed accusing Mr. Vance of first degree murder alleging he strangled Earl Endreson with premeditated intent to cause his death. Mr. Vance was arraigned and pleaded not guilty.

While in jail awaiting trial, Mr. Vance attempted to commit suicide. In a lengthy suicide note, he admitted strangling Mr. Endreson with a cord from an electric fan. Mr. Vance claimed that Mr. Endreson threatened to shoot him and that he was acting in self–defense.

On April 16, 1986, Mr. Vance entered a guilty plea to second degree murder pursuant to a negotiated plea bargain whereby the State would drop the first degree murder charge and recommend a sentence below the standard range. In exchange, he would plead guilty to the lesser charge and agree not to appeal from a standard range sentence. The State does not rely on the latter part of the plea agreement in its response to the present appeal.

At the plea hearing, the prosecutor explained the agreement to a lesser charge was due to evidentiary problems in proving premeditation and the absence of self–defense. The

prosecutor also noted that it is possible that the victim may have been the initiator of the incident. Mr. Vance, in his statement on plea of guilty, made it clear that if the case went to trial on the first degree murder charge, he believed there was sufficient evidence for a jury to find him guilty. The trial court may properly accept a defendant's guilty plea, even though the defendant denies his guilt, when the factual basis required by CrR 4.2(d) is provided by other reliable evidence, and the plea constitutes the defendant's voluntary and competent choice among the available alternatives. *North Carolina v. Alford,* 400 U.S. 25, 31, 27 L. Ed. 2d 162, 91 S. Ct. 160 (1970); *State v. Newton,* 87 Wn.2d 363, 552 P.2d 682 (1976). *See also In re Montoya,* 109 Wn.2d 270, 744 P.2d 340 (1987).

As agreed, the prosecutor recommended a sentence of 96 months, less than the standard range of between 123 and 164 months. Defense counsel recommended a term of 72 months. The court rejected both recommendations, declined to enter findings and conclusions justifying a sentence less than the standard range, and sentenced Mr. Vance to 124 months.

Mr. Vance, in a petition to reconsider the sentence, specifically noted the parties had stipulated to the presence of a significant question of self–defense. The court, reading the suicide note and the presentence report, concluded that he strangled a smaller, older man after disarming him. Further, the court noted that if there had been a significant question of self–defense, the court would not have accepted the guilty plea. The court denied the motion for reconsideration, not being satisfied there was a substantial and compelling reason to go outside the guidelines.

In *State v. Ammons,* 105 Wn.2d 175, 182, 713 P.2d 719, 718 P.2d 796, *cert. denied,* 107 S. Ct. 398 (1986), the court held that RCW 9.94A.210(1), stating: "'A sentence within the standard range for the offense shall not be appealed'", precluded only appellate review of challenges to the amount of time imposed when the time is within the standard range. Here, Mr. Vance contends that the court's fail-

ure to make a finding that the victim was the aggressor is a sufficient assignment of error to permit an appeal under *Ammons*. Mr. Vance is not contending he did not enter a free and voluntary plea of guilty, that the facts do not support the plea, that there was fault with the sentencing procedure, or that the computation of his offender score is in error.

When a sentencing court goes outside the guidelines, there must be substantial and compelling reasons given. RCW 9.94A.120(2). The court here found none; we find none. The court sentenced him within the standard range provided by the Sentencing Reform Act of 1971. There was no error.

Insofar as *State v. Andrews*, 43 Wn. App. 49, 715 P.2d 526 (1986) would seem to permit nonprocedural appeals, the rationale therein is no longer controlling in light of *State v. Pascal*, 108 Wn.2d 125, 736 P.2d 1065 (1987). The court was not required to make a finding of fact unless it goes outside the guidelines; there was no error.

Judgment is affirmed.

THOMPSON, A.C.J., and GREEN, J., concur.

Review denied by Supreme Court March 1, 1988.