[No. 22370-4-I.   Division One.   February 12, 1990.]

*In the Matter of the Personal Restraint of*
ALFRED DARREL CALEY, *Petitioner.*

*Marc R. Lampson* of *Washington Appellate Defender Association,* for petitioner.

*Kenneth O. Eikenberry, Attorney General,* and *Douglas W. Carr, Assistant; David L. McEachran, Prosecuting Attorney,* and *Mac D. Setter, Deputy,* for respondents.

WINSOR, J.—Alfred Caley seeks to have his sentence for a second degree burglary committed in Whatcom County run concurrently with, rather than consecutively to, his sentence for a second degree robbery and a second degree assault committed in Snohomish County. We grant Caley's petition.

While on parole from a sentence imposed in 1982, Caley committed three felonies, two in Snohomish County and one in Whatcom County. All three crimes were committed in December 1986. He was sentenced for the Snohomish County offenses on March 11, 1987.

Caley was sentenced on April 22, 1987, on the Whatcom County charge. For purposes of this appeal, it is significant that Caley committed the Whatcom County offense before he was sentenced on the Snohomish County crimes. The sentencing judge did not specify whether the term imposed was to be served concurrently with or consecutively to the Snohomish County sentence.

Subsequently, the Department of Corrections (Department) set the Whatcom County sentence to run consecutively to the Snohomish County sentence. Caley filed a

personal restraint petition challenging the Department's decision. The Whatcom County prosecutor supports Caley.

The issue presented requires interpretation of RCW 9.94A.400(2)–(3),[1] which states:

> (2) Whenever a person while *under sentence of felony* commits another felony and is sentenced to another term of confinement, the latter term shall not begin until expiration of all prior terms.
> (3) Subject to subsections (1) and (2) of this section, whenever a person is sentenced for a felony that was committed while the person was not *under sentence of a felony,* the sentence shall run concurrently with any felony sentence which has been imposed by any court in this or another state or by a federal court subsequent to the commission of the crime being sentenced unless the court pronouncing the current sentence expressly orders that they be served consecutively.

(Italics ours.)

Caley argues that his Whatcom County and Snohomish County sentences should run concurrently with each other because he was not "under sentence of a felony" for the Snohomish County crimes when he committed the burglary in Whatcom County and the Whatcom County Judge did not exercise his option to order that the sentence be consecutive. *See* RCW 9.94A.400(3). Caley contends that the 1982 sentence is not relevant to the issue of whether the two most recent sentences should run concurrently with or consecutively to each other, and that RCW 9.94A.400(2) only mandates that the cluster of new sentences run consecutively to the 1982 sentence.

The Department argues that the 1982 sentence is significant because petitioner was on parole from that sentence when he committed the three 1986 felonies and, therefore, was "under sentence of a felony" within the meaning of both RCW 9.94A.400(2) and (3). According to the Department, the concurrent term provision of subsection (3) is therefore inapplicable, and the consecutive term provision of subsection (2) governs, making the Whatcom County

---

[1]At the time of Caley's sentencing, RCW 9.94A.400(2) differed in one respect: a 1988 amendment substituted "confinement" for "imprisonment." Since the change is immaterial to this appeal, we refer to the present version of the statute.

sentence run consecutively to the Snohomish County sentence, as well as making the two most recent sentences consecutive to the 1982 sentence.

RCW 9.94A.400(2) does require that both the Snohomish County and the Whatcom County sentences run consecutively to the 1982 sentence. *See In re Akridge,* 90 Wn.2d 350, 354, 581 P.2d 1050 (1978); *State v. Andrews,* 43 Wn. App. 49, 52, 715 P.2d 526 (1986), *abrogated on other grounds in State v. Vance,* 49 Wn. App. 847, 746 P.2d 349 (1987), *review denied,* 110 Wn.2d 1013 (1988). *Akridge* holds that persons on parole are "under sentence of felony" and must serve their terms for parole violation before commencement of the terms for subsequent felony convictions.[2] 90 Wn.2d at 354. However, *Akridge* does not address the issue of whether the Snohomish County sentence must be served concurrently with or consecutively to the Whatcom County sentence.

The Department contends that subsection (3) applies only when there is *not* any prior uncompleted felony sentence. However, in its comment on RCW 9.94A.400, the Sentencing Guidelines Commission stated:

> Subsections (2) and (3) cover situations, where at the time the defendant is sentenced on a present conviction, he or she has not yet completed a sentence for another felony conviction.

(Italics omitted.) D. Boerner, *Sentencing in Washington* app. I, at I–30 (1985). The comment indicates that both subsections (2) and (3) were intended to apply in a situation in which the defendant has an uncompleted sentence from a prior felony. Thus, it appears subsection (3) could apply to Caley's Whatcom County sentence, even though he had a prior uncompleted felony sentence from 1982.

Moreover, a further reading of the Commission's comment demonstrates that subsection (3) was intended to apply to factual situations similar to Caley's:

---

[2]Although this interpretation was based on former RCW 9.92.080(1), the language of the former statute is virtually identical to RCW 9.94A.400(2). *See Akridge,* 90 Wn.2d at 354.

Subsection (3) will often be relevant where the defendant has committed a series of crimes across court jurisdictions (crimes in more than one county, more than one state, or crimes for which he or she has been sentenced under both state and federal jurisdictions) and where the defendant will be sentenced by more than one judge. The purpose of this subsection is to allow the judge some flexibility within the guidelines in order to minimize the incidental factors of geographical boundaries and jurisdictions.

(Italics omitted.) Boerner, at I–30. Caley had not yet been sentenced on the Snohomish County sentence when he committed the Whatcom County crime. The three most recent crimes occurred in two different counties. He was sentenced by two judges in different jurisdictions. It appears that the Legislature intended subsection (3) to apply to precisely this situation to allow a sentencing judge the same flexibility that he or she would have had if all the crimes had been committed in his or her jurisdiction.

■ "Statutes are to be construed as a whole, giving effect to all the language used, considering all provisions in relation to each other and harmonizing them all whenever possible." *State v. Blair*, 56 Wn. App. 209, 213, 783 P.2d 102 (1989); *see In re Piercy*, 101 Wn.2d 490, 492, 681 P.2d 223 (1984).

■ The meaning of subsections (2) and (3), particularly in light of the comment of the Sentencing Guidelines Commission, seems clear. Although it is possible to interpret the statute in the manner proposed by the Department, Caley's interpretation is equally reasonable. If the language contained in a criminal statute is ambiguous, the rule of lenity requires the court to adopt the interpretation most favorable to the defendant. *State v. Martin*, 102 Wn.2d 300, 304, 684 P.2d 1290 (1984). More specifically, absent clear evidence of legislative intent to do so, the rule of lenity precludes construction of statutes so as to increase the penalty imposed. *Martin*, 102 Wn.2d at 304.

■ In accordance with these principles, we hold that RCW 9.94A.400(3) applies to the question of whether Caley's two most recent sentences run concurrently with or

consecutively to each other. For purposes of the Whatcom County and Snohomish County sentences, Caley was not "under sentence of felony" so as to invoke subsection (2) *as to each other*. That Caley was on parole from the 1982 sentence is not relevant to the relationship of the new offenses to each other, but only to the relationship of the cluster of new offenses to the older offense. Therefore, according to subsection (3),

> the sentence shall run concurrently with any felony sentence which has been imposed . . . subsequent to the commission of the crime being sentenced unless the court pronouncing the current sentence expressly orders that they be served consecutively.

RCW 9.94A.400(3). Since the felony sentence in the Snohomish County case was imposed subsequent to the commission of the crime in the Whatcom County case, and the Whatcom County sentencing judge did not expressly order otherwise, the sentences should run concurrently.

The petition is granted and the cause is remanded to the Department with directions to set the Whatcom County sentence to run concurrently with the Snohomish County sentence.

COLEMAN, C.J., and WEBSTER, J., concur.