**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| THE STATE OF WASHINGTON, | No. 84082-7-I |
| Respondent, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| ANTHONY MICHAEL CLAYBORN, | |
| Appellant. | |

BIRK, J. — A jury acquitted Anthony Clayborn of first degree assault and convicted him of unlawful possession of a firearm in the first degree. The superior court entered a no-contact order barring Clayborn from having contact for 10 years with Davon Bash, the victim of a shooting that formed the basis for the assault charge. Clayborn argues the court lacked statutory authority to impose a no-contact order based on the possession conviction, as to which Bash was not a victim. But because Bash gave some testimony supportive of the unlawful possession conviction, he was a witness as to that charge and the no-contact order was authorized. We affirm.

I

Following a shooting that injured Bash inside a trailer adjacent to a Seattle park, the State charged Clayborn with first degree assault and first degree unlawful possession of a firearm.

At trial, Bash testified Clayborn wielded two guns. Bash testified he saw Clayborn with the gun in Clayborn's right hand, and Clayborn shot him once in the stomach through a screen door of the trailer. Bash claimed the shooter departed and Bash did not see him again, but he heard a second gunshot that came from across the street. The second gunshot was not as loud as the first shot, and Bash heard it "like a minute, maybe not even that" after the first shot. Bash testified he thought Clayborn "was still shooting at me."

Clayborn testified he lived in a tent in the park and was across the street when he heard a gunshot by the trailers. He saw Juan Brooks run up to him with a gun in each hand. Brooks pushed the guns towards him, Clayborn pushed them back, Brooks told Clayborn to "take this," and the two pushed the guns back and forth. During the struggle, a gun discharged into Clayborn's right leg. Brooks transported Clayborn to a hospital. Clayborn admitted he was prohibited from possessing a firearm because of a prior criminal conviction.

Seattle police officer Tyler Speer observed Clayborn in the hospital with three wounds on his right thigh. Officer Speer testified Clayborn's wounds appeared to be gunshot wounds.

The jury found Clayborn not guilty of first degree assault and guilty of unlawful possession of a firearm. The jury answered "[n]o" in response to the special verdict question: "Was the defendant ANTHONY MICHAEL CLAYBORN armed with a firearm at the time of the commission of the crime in Count One?"

At sentencing, Clayborn objected to the State's request for a no-contact order protecting Bash. Clayborn argued, "Mr. Bash isn't a[n] alleged victim in the case here. There's no nexus between him and unlawful possession of a firearm." The superior court acknowledged that Bash "was clearly the victim" as to the assault charge and that the jury found Clayborn not guilty of that charge. Acknowledging concerns about the connection to the possession charge, the superior court stated, "[S]hortly after" Bash was shot, "Clayborn had a gun that he wasn't supposed to have and he shot himself, and so I'm taking the totality of what was occurring and I'm imposing the no-contact order."

The superior court sentenced Clayborn to 17.5 months in confinement and entered a no-contact order ordering Clayborn to not have contact with Bash for a maximum term of 10 years. Clayborn appeals, challenging only the no-contact order.

II

Clayborn argues the superior court exceeded its authority when it entered the no-contact order prohibiting Clayborn from contacting Bash. Clayborn contends the order was not a crime-related prohibition because Bash did not see Clayborn shoot his own leg and therefore was not a witness in regard to the unlawful possession charge. We disagree.

A superior court may impose only a sentence that is authorized by statute. In re Postsentence Rev. of Leach, 161 Wn.2d 180, 184, 163 P.3d 782 (2007).

3

Sentencing provisions outside the authority of the court are " 'illegal' " or " 'invalid.' " State v. Smissaert, 103 Wn.2d 636, 639, 694 P.2d 654 (1985) (quoting State v. Luke, 42 Wn.2d 260, 262, 254 P.2d 718 (1953); State v. Pringle, 83 Wn.2d 188, 193-94, 517 P.2d 192 (1973)). "Although we review the imposition of crime-related prohibitions for abuse of discretion, we review whether the sentencing court had the statutory authority to impose a sentencing condition de novo." State v. McWilliams, 177 Wn. App. 139, 150, 311 P.3d 584 (2013). The question here is whether the superior court had statutory authority to impose the no-contact order, so de novo is the appropriate standard of review. State v. Armendariz, 160 Wn.2d 106, 110, 156 P.3d 201 (2007).

RCW 9.94A.505(9) authorizes the court to impose "crime-related prohibitions." This authority includes "orders prohibiting conduct directly relating to the circumstances of an offender's crime," including "no-contact orders regarding witnesses." Id. at 113. A "crime-related prohibition" is "an order of a court prohibiting conduct that directly relates to the circumstances of the crime for which the offender has been convicted." RCW 9.94A.030(10). "Directly related" includes conditions that are reasonably related to the crime. State v. Irwin, 191 Wn. App. 644, 656, 364 P.3d 830 (2015).

Bash provided testimony relevant to the unlawful possession charge, not solely the assault charge. Bash testified he saw Clayborn holding a gun. Bash further testified he heard a gunshot from across the street no more than a minute

after the first gunshot struck him. Bash believed the shooter was still firing at him. Clayborn's testimony confirms the second gunshot Bash heard struck Clayborn's right leg. Accordingly, Bash was a witness who provided testimony relevant to the unlawful possession charge and the no-contact order was an authorized crime-related prohibition.

Affirmed.

_Birk, J._

WE CONCUR:

_Coburn, J._     _Smith, C.J._