**Richard ROGERS**

v.

**STATE of Maine.**

Supreme Judicial Court of Maine.

Argued June 9, 1987.
Decided July 20, 1987.

---

Seth Berner (orally), Portland, for plaintiff.

Joseph A. Wannemacher (orally), Asst. Atty. Gen., Augusta, for defendant.

Before McKUSICK, C.J., and NICHOLS, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

GLASSMAN, Justice.

Richard Rogers appeals from a judgment of the Superior Court, Knox County, denying his petition for post-conviction relief, pursuant to 15 M.R.S.A. §§ 2121–2132 (Supp.1986), challenging his restraint on the ground that a sentence of imprisonment imposed on him in 1978 was illegally modified by the Department of the Attorney General and Maine State Prison officials. We agree with Rogers' contention and vacate the judgment.

This matter was submitted to the Superior Court on an agreed statement of facts and certain exhibits that disclosed the following. In 1976 Rogers was convicted by the Superior Court, Cumberland County, of armed robbery, armed assault and battery and escape from the Cumberland County jail. He was sentenced to 6 to 12 years for the armed robbery and armed assault and battery with the sentences to be served concurrently and 1½ to 3 years for the escape to be served consecutive to the other sentences. On March 15, 1978, while in execution of the concurrent sentences of 6 to 12 years, Rogers entered a plea of guilty to kidnapping in violation of 17–A M.R.S.A. § 301 and escape in violation of 17–A M.R.S.A. § 755. Rogers was adjudged guilty on each charge and sentences were imposed by the Superior Court, Knox County. At the sentencing hearing the court determined Rogers was at that time serving the previously imposed concurrent sentences for armed robbery and armed assault and battery. The court imposed a sentence of "ten years to the Maine State Prison for the offense of kidnapping which will run concurrently with your present sentence," and "to a term of five years at the Maine State Prison for the offense of escape."

On February 24, 1984, Rogers was discharged from the concurrent sentences of 6 to 12 years for his conviction of armed robbery and armed assault and battery, and began the execution of the consecutive sentence of 1½ to 3 years for the Cumberland County conviction of escape. In response to an inquiry from the Maine State Prison Classification Officer, the Department of the Attorney General advised the

officer that Rogers could not begin to serve the sentences imposed in Knox County in 1978 on the kidnapping and escape convictions until he had completed the 1½ to 3 year sentence imposed in 1976 in Cumberland County on the conviction of escape. On September 20, 1984, Rogers was discharged from the 1½ to 3 year sentence imposed for the escape conviction in Cumberland County in 1976. On May 5, 1986, Rogers petitioned for post-conviction relief on the ground that he was unlawfully deprived of his liberty because the 10–year sentence imposed in 1978 on the conviction of kidnapping was to run concurrently with the concurrent sentences imposed in 1976 for armed robbery and armed assault and battery. Rogers claimed that on the kidnapping sentence he should be credited with that time served from March 15, 1978, the date of the imposition of the kidnapping sentence, to February 24, 1984, the date of his discharge from the concurrent sentences for the armed robbery and armed assault and battery. The court held, *inter alia,* that the sentence imposed on March 15, 1978 on the conviction of kidnapping was required by statute to be consecutive to the sentences imposed in 1976. The court denied the petition for post-conviction relief and Rogers appeals.

Rogers concedes that the provisions of 17 M.R.S.A. § 1405 (1965)[1] prevented the kidnap sentence from being served concurrently with the 1½ to 3 year sentence imposed in 1976 in Cumberland County on the conviction of escape. He contends, however, that the kidnap sentence imposed by the court in 1978 properly provided that it be concurrent with the concurrent sentences he was then serving for armed robbery and armed assault and battery. He challenges the argument of the State that 17–A M.R.S.A. § 1155(1) (Pamph.1978)[2] mandated that sentencing for the kidnapping conviction be consecutive to the undischarged term of imprisonment for the armed robbery and armed assault and battery.

■ We agree with Rogers that he was properly sentenced to begin serving his kidnap term on March 15, 1978, concurrently with his armed robbery and armed assault and battery sentences. We presume that the presiding justice was aware of 17–A M.R.S.A. § 1155, which requires consecutive sentences in certain circumstances. The indictment was before the presiding justice at the time he accepted Rogers' plea of guilty to the charge of kidnapping (17–A M.R.S.A. § 301), and imposed a sentence on Rogers. It is apparent from the concurrent sentence imposed that the presiding justice did not find Rogers guilty of a crime for which 17–A M.R.S.A. § 1155 or any other statute required a consecutive sentence. The State's attorney, who was also presumably aware of section 1155, did not object to the sentence. In sum, the record and concurrent sentence imposed are entirely consistent with a conviction for kidnapping, unaggravated by circumstances addressed by section 1155. Moreover, there was no timely motion filed by the State to modify the sentence pursuant to M.R.Crim.P. 35(a).[3] *See Reed v. State,* 295 A.2d 657, 659–60 (Me.1972).

1. By an indictment dated April 6, 1976, Rogers was charged with escape from the Cumberland County jail. 17 M.R.S.A. § 1405, *repealed and replaced by* 17–A M.R.S.A. § 755 (effective May 1, 1976), provided:

Whoever, being lawfully detained in any jail or other place of confinement, except the State Prison, breaks or escapes therefrom, or attempts to do so, shall be punished by imprisonment for not more than 7 years. The sentence to such imprisonment shall not be concurrent with any other sentence then being served or thereafter to be imposed upon such escapee. Whoever resists apprehension or breaks arrest shall be punished by a fine of not more than $1,000 or by imprisonment for not more than 11 months.

2. 17–A M.R.S.A. § 1155(1) (Pamph.1978), repealed in 1981 and replaced by section 1256, provided in pertinent part:

Other provisions of this section notwithstanding, when a person subject to an undischarged term of imprisonment is convicted of a violation of chapter 31, section 755, or of a crime against the person of a member of the staff of the institution in which he was imprisoned, or of an attempt to commit either of such crimes, the sentence shall run consecutively to the undischarged term of imprisonment.

3. M.R.Crim.P. 35(a) provides as follows:

(a) **Correction of Sentence.** On motion of the defendant or the attorney for the state, or

Regardless of the propriety of the sentence imposed, neither the Department of the Attorney General nor the Maine State Prison Classification Officer had authority to modify or countermand the judgment of the sentencing justice that the term of the sentence for the kidnapping conviction run concurrently with that for the armed robbery and armed assault and battery. Any such power resides in the judicial department.[4] Me. Const. art. III; *see Ex Parte Davis*, 41 Me. 38, 53 (1856); *Brooks v. Rhay*, 92 Wash.2d 876, 602 P.2d 356 (1979).

Rogers' sentence as calculated by the Classification Officer is an unlawful modification of the concurrent sentence imposed by the court. The Superior Court erred in denying Rogers the relief he sought pursuant to 15 M.R.S.A. § 2130. Rogers must be given credit for time served on his kidnap sentence from March 15, 1978, the date of its imposition, to the date of his discharge from the sentences of 6 to 12 years for the convictions on the charges of armed robbery and armed assault and battery.

The entry is:

Judgment vacated. Remanded to the Superior Court for entry of a judgment granting relief to Richard Rogers consistent with the opinion herein.

All concurring.

on the court's own motion, made within one year after a sentence is imposed, the justice who imposed sentence may correct an illegal sentence or a sentence imposed in an illegal manner.

4. The Executive, of course, has the power of commutation pursuant to Me. Const., art. V, pt. 1, § 11.