Richard ROGERS

v.

Harlan SYLVESTER, Martin A. Magnussen, Susan Cole Cookson, Charles Leadbetter.

Supreme Judicial Court of Maine.

Argued Jan. 17, 1990.
Decided Feb. 9, 1990.

Seth Berner (orally), Portland, Neil D. Jamieson, Jr., and Dana E. Prescott, Saco, for plaintiff.

James E. Tierney, Atty. Gen. and William R. Stokes (orally), Asst. Atty. Gen., Augusta, for defendants.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, HORNBY and COLLINS, JJ.

COLLINS, Justice.

Richard S. Rogers, a former state prisoner, sued Harlan Sylvester (former Classifications Officer for the Maine State Prison), Martin A. Magnusson (Warden of the Maine State Prison), Susan Cole Cookson (former Assistant Attorney General), and Charles K. Leadbetter (present Assistant Attorney General), alleging that the Defendants: (1) individually and jointly deprived Rogers of his "right not to have his liberty taken" without due process of law, and (2) conspired "to defeat the due course of justice" with intent to deny Rogers the equal protection of the laws. Rogers now appeals from summary judgment that the Superior Court (Kennebec County, *Brody, J.*) entered for the Defendants upon determining that Defendants are entitled to qualified immunity and alternatively that Rogers failed to state a claim upon which relief can be granted. We agree that Rogers' complaint was inadequate and we affirm.

I.

In 1984, officers of the Maine State Prison, acting on advice from the Attorney General's Office, changed, without judicial

participation, the status of Rogers' concurrent prison sentences to make the sentences consecutive. This civil action arose out of the State Defendant's conduct.

On December 10, 1976, Rogers was sentenced by the Superior Court, Cumberland County, to two concurrent 6 to 12 year sentences for armed robbery and armed assault and battery, and to an additional, consecutive 1½ to 3 year sentence for escape from the Cumberland County Jail. On November 14, 1977, while serving the two concurrent 6 to 12 year sentences at the Maine State Prison, Rogers kidnapped a prison guard and escaped. After recapture, Rogers plead guilty before the Superior Court, Knox County, to charges of escape and of the armed kidnapping of a Maine State Prison guard. On March 15, 1978, the Superior Court, Knox County, adjudged Rogers guilty of both crimes.

At the sentencing hearing the court determined that Rogers was at that time serving the concurrent sentences for armed robbery and armed assault and battery previously imposed in Cumberland County. The Superior Court, Knox County, imposed a sentence of "ten years to the Maine State Prison for the offense of kidnapping which will run *concurrently* with your present sentence," (emphasis added) and "to a term of five years at the Maine State Prison for the offense of escape." However, neither the docket sheets nor the Judgment and Commitment Orders made any mention of whether the Knox County sentences were to be served consecutively or concurrently to the undischarged terms of imprisonment to which Rogers was then subject under the Cumberland County sentences.

On February 24, 1984, Rogers was discharged from the concurrent sentences of 6 to 12 years for armed robbery and armed assault and battery under the 1976 Cumberland County convictions and began execution of his consecutive 1976 Cumberland County 1½ to 3 year sentence imposed for the first escape conviction. In July of 1984, Classifications Officer Sylvester, pursuant to a request from probation and parole, asked the Attorney General's Office to advise his office whether Rogers' kidnapping sentence began in 1978 or was to begin after completion of the 1½ to 3 year sentence on the original escape conviction. In 1978, 17-A M.R.S.A. § 1155(1) (Pamph. 1978) (subsequently repealed) [1] provided:

> Other provisions of this section notwithstanding, when a person subject to an undischarged term of imprisonment is convicted of a violation of chapter 31, section 755 [escape], or of a crime against the person of a member of the staff of the institution in which he was imprisoned, or of an attempt to commit either of such crimes, the sentence shall run *consecutively* to the undischarged term of imprisonment.

(Emphasis added). Relying upon the requirement of 17-A M.R.S.A. § 1155(1), Defendants Cookson and Leadbetter advised Sylvester that Rogers could not begin to serve the 1978 Knox County sentences imposed for the kidnapping and escape offenses until he had completed the 1976 Cumberland County 1½ to 3 year sentence on the original escape conviction. It is notable that at this time a transcript of the Knox County sentencing proceeding, in which the court clearly indicated that the sentences were to be served concurrently, was not available. Nevertheless, after receiving the transcript on October 30, 1984, the Attorney General's Office maintained that the sentences should be served consecutively.

On August 6, 1984, Magnusson, Warden of the Maine State Prison, received an inquiry from Rogers concerning the correct structure of his sentences, and Magnusson relayed Rogers' inquiry to Sylvester. Sylvester informed Rogers that, pursuant to the Attorney General's Office's advice, Rogers' sentences would be served consecutively.

On May 4, 1986, Rogers petitioned for post-conviction relief alleging a deprivation of liberty. Rogers claimed that the Knox

---

**1.** Section 1155(1) was repealed in 1981 and replaced by 17-A M.R.S.A. § 1256 (Supp.1989), which contains substantially the same wording.

County 10–year kidnapping sentence should be credited with the time served from March 15, 1978, the date of imposition of the kidnapping sentence, to February 24, 1984, the date of his discharge from the Cumberland County concurrent sentences for armed robbery and armed assault and battery. The Superior Court, Knox County, held that 17–A M.R.S.A. § 1155(1) required the 1978 Knox County 10–year kidnapping sentence to be consecutive to the 1976 Cumberland County sentences. Accordingly, the court denied Rogers' petition for post-conviction relief and Rogers appealed to this Court.

On appeal, however, we vacated the Superior Court's judgment denying post-conviction relief. In *Rogers v. State*, 528 A.2d 462 (Me.1987), we determined that Rogers was properly sentenced to begin serving his 1978 Knox County 10–year kidnapping term on March 15, 1978, concurrently with his 1976 Cumberland County armed robbery and armed assault and battery sentences. *Id.* at 464. We presumed that the 1978 Knox County sentencing court was aware of 17–A M.R.S.A. § 1155 and had not found Rogers guilty of a crime for which section 1155 or any other statute required a consecutive sentence. *Id.* We went on to state the following:

> Regardless of the propriety of the sentence imposed [by the 1978 Knox County sentencing court], neither the Department of the Attorney General nor the Maine State Prison Classification officer had authority to modify or countermand the judgment of the sentencing justice that the term of the sentence for the kidnapping conviction run concurrently with that for the armed robbery and armed assault and battery. Any such power resides in the judicial department. Me.Const. art. III; *See Ex Parte Davis,* 41 Me. 38, 53 (1856); *Brooks v. Rhay,* 92 Wash.2d 876, 602 P.2d 356 (1979).
>
> Rogers' sentence as calculated by the Classification Officer is an unlawful modification of the concurrent sentence imposed by the court.

*Rogers,* 528 A.2d at 465. Due to the timeliness of post-conviction relief, the modification did not lead to any extra incarceration.

In July, 1988, Rogers brought the instant civil action against the Defendants. The first count of Rogers complaint, brought under 42 U.S.C. § 1983, alleges that the Defendants individually and jointly deprived Rogers of his "right not to have his liberty taken" without due process of law. The second count, brought under 42 U.S.C. § 1985, alleges a civil conspiracy through which the Defendants "jointly acted together so as to defeat the due course of justice in the State of Maine with the intent to deny [Rogers] of the equal protection of the laws."

The Defendants jointly moved to dismiss Rogers' complaint for failure to state a claim upon which relief can be granted and, alternatively, for summary judgment. The Superior Court (Kennebec County, *Brody, J.*) granted the Defendants' motion for summary judgment on the ground that all of the Defendants were entitled to qualified immunity because they did not violate Rogers' clearly established rights. Alternatively, the court ruled that the complaint fails to state a claim upon which relief can be granted.

## II.

■ We first address Rogers' contention that the Superior Court erred by granting the Defendants' motion for summary judgment on the ground that Rogers' complaint fails to state a claim upon which relief could be granted. The Superior Court stated that it was "unable to discover any constitutional right that was violated." Rogers admits, as he must, that he was not incarcerated for any additional amount of time as a result of the Defendants' conduct. Nevertheless, Rogers argues that his complaint states a cause of action upon which relief could be granted because Rogers' due process interests included "not just being released from prison on time, but also participating in the decision making process as to when that time will be."

This Court will not dismiss a complaint "for insufficiency unless it appears to a certainty that Plaintiff is entitled to no relief under any state of facts which would

be proved in support of the claim." *Richards v. Ellis*, 233 A.2d 37, 38 (Me.1967). Nevertheless, we conclude that Rogers' complaint is inadequate. Assuming all of the facts alleged in Rogers' complaint to be true, Rogers has not been deprived of any right secured by the Federal Constitution or by federal law.

■ Under his first count, Rogers alleges a deprivation of liberty without due process. However, Rogers does not claim that he was deprived of liberty by being incarcerated for a longer period than that to which he was lawfully sentenced. Rogers cites no authority demonstrating that one is entitled to be free from the emotional strain that can result from the knowledge that the State might deprive him of his liberty in the future. Due process only requires the State to provide an appropriate predeprivation or postdeprivation hearing if the State deprives an individual of liberty or property. *Parratt v. Taylor*, 451 U.S. 527, 541, 101 S.Ct.1908, 1916, 68 L.Ed.2d 420, 432 (1981). Here, the State provided Rogers with a proceeding for post-conviction review to challenge the State's calculation of his sentences and this review proceeding was completed before Rogers spent any additional time in prison beyond that required for his Cumberland County convictions. Rogers participated fully in this post-conviction proceeding. This proceeding was concluded, and Rogers was assured that his sentences would not run consecutively, before Rogers had to serve a single day more than he should have. We conclude that this proceeding was adequate to withstand Rogers' due process challenge.

Rogers appears to argue that his rights to due process were violated because his liberty was *actually taken* before he was provided any judicial proceeding. For this to be true, Rogers would have to allege that his change in status from a convict serving concurrent sentences to a convict serving consecutive sentences in itself constituted a deprivation of liberty. This "change in status," however, did not result in an increase in either the security conditions of Rogers' incarceration or the actual time spent in incarceration. Accordingly, we perceive no actual deprivation of liberty. We conclude that Rogers' post-conviction proceeding provided the *pre* deprivation judicial process to which Rogers was due.

In his second count, which is brought under 42 U.S.C. § 1985, Rogers alleges that the Defendants conspired to deny Rogers equal protection under the law. Rogers does not pursue this argument in his appellate brief. The only portion of section 1985 under which count two could reasonably be brought is the second part of subsection 1985(2). In *Griffin v. Breckenridge*, 403 U.S. 88, 102–03, 91 S.Ct. 1790, 1798–99, 29 L.Ed.2d 338, 348–49 (1971), the United States Supreme Court held that in order properly to bring an action under section 1985(3) a plaintiff must allege that the intended deprivation of equal protection is motivated by "some racial, or perhaps otherwise class-based invidiously discriminatory animus behind the conspirators' actions." *Id.* at 101, 91 S.Ct. at 1797. In *Kush v. Rutledge*, 460 U.S. 719, 723, 726, 103 S.Ct. 1483, 1486, 1488, 75 L.Ed.2d 413, 418–19 (1983), the Supreme Court extended this class-based animus requirement to the second section of section 1985(2) as well. Rogers has alleged no facts indicating that the Defendants' conduct was motivated by class-based discriminatory animus, and accordingly count two of his complaint is insufficient as well.

■ Rogers also seeks recovery for his litigation costs expended employing counsel to represent him in the post-conviction review process. Although 42 U.S.C. § 1983 does not authorize the recovery of attorney fees, 42 U.S.C. § 1988 permits a court to award attorney fees to prevailing parties as part of the costs in an action to enforce section 1983. However, the attorney fees that Rogers seeks are those expended for representation in the post-conviction review process, not those expended for representation in the present action. Section 1988 does not create an independent right of action for attorney fees that can exist without recovery in a section 1983 action. *Horacek v. Thone*, 710 F.2d 496, 499–500 (8th

Cir.1983) (citing S.Rep. No. 94–1011, 94th Cong.2d Sess. 2 (1976) *reprinted in* 1976 U.S.Code Cong. & Ad.News 5908, 5909–10); *Estes v. Tuscaloosa County*, 696 F.2d 898, 901 (11th Cir.1983). "Nor does § 1988 operate to make an award of attorney's fees an essential ingredient in providing 'due process.'" *Estes*, 696 F.2d at 901. Therefore, Rogers is not entitled to attorney. fees.

Having determined that Rogers' complaint fails to state a claim upon which relief can be granted, it is unnecessary for us to consider whether the Defendants are entitled to qualified immunity from Rogers' suit.

The entry is: Judgment affirmed.

All concurring.

