1/12/21

STATE OF MAINE )     *MLRISC # 145-21*     SUPERIOR COURT
AROSTOOK, ss. )                  CIVIL ACTION
                                      DOCKET NO. AP-20-5

*need Atty info*

JESSICA BUCK,

      Petitioner

      v.                          Decision and Order

MAINE DEPARTMENT OF HEALTH       *π Matthew Dyer*
AND HUMAN SERVICES,               *Δ Jennifer Googins Huston +*
                                      *Jonathan Johnson*

      Respondent

The matter before the court is Petitioner Jessica Buck's ("Buck") Rule 80C appeal of an administrative hearing officer's decision to uphold the establishment of an administrative child support order by Respondent Maine Department of Health and Human Services ("Department").

Background

Ms. Buck is the mother of Joseph Bolstridge, a minor born March 30, 2002. (Resp't's' Br. at 3.) Joseph's father is Tyler Dennett. *Id.* On May 19, 2003, a court entered a *Parental Rights Judgment* (Docket No. PREDC-FM-03-56), which granted Ms. Buck sole parental rights and responsibilities, primary residence and ordered Mr. Dennett to pay child support to her in the amount of $45.46. *Id.* Mr. Dennett's obligation was suspended effective September 21, 2018 pursuant to 19-A M.R.S. § 2001(5)(D), as Mr. Dennett was incarcerated. *Id.*

This matter has a somewhat complex factual and procedural background. The controversy surrounding this matter began at some point in 2016, when Joseph began living with his grandmother, Sherri Hitchcock. (Pet'r's Br. at 3.) Ms. Hitchcock applied for TANF benefits from the Department, which lead to the Department simultaneously suspending Mr. Dennett's child support obligations and paying TANF benefits to Ms. Hitchcok on behalf of Joseph. *Id.*

1

On December 14, 2018, the Department issued Ms. Buck a Notice of Proceeding to Establish Child Support. (Resp't's Br. at 4.) The Department was seeking to establish an administrative support order against Ms. Buck pursuant to 19-A M.R.S. § 2204, which provides for the establishment of such an order when the nonobligated parent under a child support order is no longer the primary caregiver, benefits under the support order have been redirected to the primary caregiver and all other statutory conditions are met. *Id.*

Ms. Buck requested a hearing, which was held May 29, 2019. *Id.* The Hearing Officer rejected all of Ms. Buck's arguments at this hearing, none of which are relevant to this case. *Id.* An administrative support order was entered by a Decision after Hearing on June 17, 2019. Ms. Buck appealed the decision and was given another hearing, held on August 28, 2019. *Id.* The Hearing Officer for this appeal vacated the child support order entered on June 17, 2019 on the grounds that the Department had failed to provide proof of notice to Ms. Buck that her child support benefits had been redirected under the statute and of her right to appeal. *Id.*

The Department started over, issuing a new notice dated December 18, 2019. (Pet'r's Br. at 3.) Ms. Buck objected once more and an administrative hearing was held on February 26, 2020. *Id.* This time, Ms. Buck challenges the constitutionality of the process, arguing that the Department may not establish an administrative support order against her because the Maine District Court had already assumed jurisdiction over the matter and the Executive branch was not entitled to modify or vacate a final order of the judiciary pursuant to the separation of powers provisions of the Maine Constitution. *Id.*

These arguments were rejected, and the order adopted, by decision dated March 31, 2020. *Id.* Ms. Buck appealed and the Chief Hearing Officer rejected her arguments by decision dated

June 29, 2020. Ms. Buck now appeals that final administrative order to this court, pursuant to M.R. Civ. P. 80C.

## Standard

This case is brought under M.R. Civ. P. 80C. Rule 80C provides that the scope of the court's review is set by 5 M.R.S. § 11007(2)-(4), which states in the relevant part that the court may reverse or modify the "administrative findings, inferences, conclusions or decisions" where they are "in violation of constitutional or statutory provisions." 5 M.R.S. § 11007(4)(C)(1) (2020). Constitutional issues are reviewed de novo. *Munjoy Sporting & Ath. Club v. Dow*, 2000 ME 141, ¶ 7, 755 A.2d 531.

## Discussion

Despite the lengthy procedural history in this matter, the issue before the court is fairly limited: did the Department attempt to usurp the authority of the courts by entering a new administrative child support order against Ms. Buck pursuant to 19-A M.R.S. § 2204?

The Maine Constitution specifically precludes any of the three departments of government from exercising powers belonging to any of the others, except where the Constitution itself expressly permits. Me. Const. art. III, § 2. It is a clearly settled matter of Maine law that the executive branch may not modify orders of the judicial branch, as this would be a constitutionally impermissible exercise of powers left to the judiciary. *See Rogers v. State*, 528 A.2d 462, 465 (Me. 1987).

The Department proceeded under statutory authority granted to it by 19-A M.R.S. § 2204, which provides:

> When the department pays cash aid to a caretaker relative who provides primary residential care for a dependent child for whom a support order has been issued, the obligor's obligation under the support order to pay child support and provide medical support continues. The child support is payable to the department for as long as the

3

department pays cash aid for the child. Upon notice to the obligor and the payee named in the support order, the department may redirect payments under the support order to the caretaker relative if the caretaker relative states under penalty of perjury that physical custody of the child was not obtained illegally. The obligor and the payee may contest action to redirect payments at an administrative hearing. The department shall notify the obligor and the payee of the right to a hearing in the notice. If payments are redirected to a caretaker relative, the department may seek to establish an administrative support order against the nonobligated parent.

It is uncontested that Ms. Hitchcock is a caretaker relative providing primary residential care for Joseph under the meaning of this statute. It is also uncontested that payments were redirected properly under the statute and that such redirections are constitutionally permissible. (Pet'r's Br. at 9.) What Ms. Buck contests are the proceedings initiated based on the last sentence of this section, which allows the department to seek an administrative support order against a nonobligated parent that is no longer providing primary residential care for the child. Specifically, she argues that an attempt to administratively establish a support obligation against a party to an existing court order impermissibly usurps the authority of the judicial branch.

There are two types of support orders provided for in the statutory scheme that governs them, administrative orders and court issued orders. 19-A M.R.S. § 2101(13) (2020). With respect to court orders, "the court has continuing jurisdiction to modify or revoke a judgment." 19-A M.R.S. § 1556. As such, the executive branch has no authority to modify or revoke support orders entered by courts. If the Department had attempted to change Mr. Dennett's obligations under the support order, for instance, it would have had to go into court to do so.

Here, however, § 2204 explicitly provides for a situation where an administrative support order may be entered against a party to an order issued by a court. The court does not read this as a modification of the family court's support order, but as an entirely separate order properly executed through the administrative process provided for under the statute.

4

If a court can reasonably interpret a statute as satisfying constitutional requirements, the court must read it in such a way, notwithstanding other possible unconstitutional interpretations. *Sparks v. Sparks*, 2013 ME 41, ¶ 19, 65 A.3d 1223. If an administrative order against a party to a court issued support order subject to the requirements of § 2204 was truly a "modification" of that order, § 2204 and § 1556 directly contradict each other. This would render the statute unconstitutional, as it would enable the executive branch to exercise authority over matters it simultaneously assigns the judicial branch jurisdiction. The more sensible reading is that the meaning of "modification" under § 1556 must exclude those administrative procedures explicitly provided for elsewhere in the statutory scheme, at least insofar as they do not provide avenues to modify court orders themselves.

Here, the process allows the Department to enter a support order against a nonobligated parent under a previously entered court order, subject to certain conditions. This does not require the Department to reopen the court's order or change the parties' obligations under it. Instead, it provides a process to enter a new order through an administrative process. The fact that Ms. Buck had no obligations under the court's order and will have obligations under this one does not make the new order an attempt to usurp the jurisdiction of the courts. Ms. Buck's appeal therefore fails.

The entry is

> Petitioner Jessica Buck's Appeal of Respondent Maine Department of Health and Human Services' Decision After Hearing issued June 29, 2020, is DENIED.
>
> The Clerk is directed to enter this order into the docket by reference pursuant to M.R.Civ.P. 79(a).

Date: _v | 1 ᘔ_ , 2021

_____
Harold Stewart, II
Justice, Superior Court

5