[No. 12643-9-III. Division Three. December 1, 1994.]

THE STATE OF WASHINGTON, *Respondent*, v. JEFFREY KEALI ROBERTS, *Appellant*.

*Michael W. Lynch*, for appellant.

*David A. Pitts, Prosecuting Attorney*, and *James E. Hurson, Deputy*, for respondent.

SCHULTHEIS, J. — Jeffrey K. Roberts stole a car the night he was released from prison after serving time for two crimes. He was arrested and charged with the new offense. During processing, it was discovered that his sentences for the two earlier crimes, theft and taking a motor vehicle without permission, were based on an incomplete criminal history which did not include two King County convictions. The court resentenced Mr. Roberts on the two earlier offenses, ordering additional terms of confinement. Four days later the court accepted Mr. Roberts' guilty plea on the current theft offense and sentenced him to 17 months, the minimum standard term. Because the court found Mr. Roberts committed the current offense "while under sentence of felony", it applied RCW 9.94A.400(2)[1] and ordered the sentence to be served after completion of the prior terms. Mr. Roberts contends RCW 9.94A.400(2) does not apply because he had completed his term of confinement for the prior offenses when he committed the new offense and was not then "under sentence of felony". We affirm.

---

[1]RCW 9.94A.400(2) provides:

"Whenever a person while under sentence of felony commits another felony and is sentenced to another term of confinement, the latter term shall not begin until expiration of all prior terms."

Before passage of the Sentencing Reform Act of 1981 (SRA), former RCW 9.92.080(1) provided: "Whenever a person while under sentence of felony shall commit another felony and be sentenced to another term of imprisonment, such latter term shall not begin until the expiration of all prior terms . . .". In *In re Akridge*, 90 Wn.2d 350, 354, 581 P.2d 1050 (1978) the court rejected the petitioners' argument that the statute did not apply to them because they were on parole and not in prison when they committed later felonies, stating:

> That interpretation is not persuasive. The only reason petitioners were not serving inside the institution is the grace of the board in believing that they were candidates for parole rehabilitation. When subsequently convicted they had not yet completed prior terms. The statute, logic and common sense dictate that they should serve out their underlying terms before paying their price for their additional offenses.

Two later cases interpret RCW 9.94A.400(2) as it applies to paroled felons. *In re Caley*, 56 Wn. App. 853, 856, 785 P.2d 1151 (1990) cites *Akridge*, notes the similarity of former RCW 9.92.080(1) and RCW 9.94A.400(2), and interprets the latter to require consecutive sentences when a person on parole commits a felony. *In re Long*, 117 Wn.2d 292, 299-300, 815 P.2d 257 (1991) expressly approves of the reasoning in *Caley* and adopts its interpretation of RCW 9.94A.400(2). Under both *Long* and *Caley*, a person on parole is "under sentence of felony" for purposes of sentencing under RCW 9.94A.400(2).

Here, Mr. Roberts had earned his early release and was under community supervision, subject to further confinement for violation of his sentence conditions, when he committed the current offense. We discern no logical reason for differentiating between a person under community supervision vis-a-vis his being "under sentence of felony" and the similar status of a parolee. Determinate sentences under the SRA include terms of community supervision as well as terms of total or partial confinement. RCW 9.94A.030(14).[2] A person under

[2]RCW 9.94A.030(14) defines "determinate sentence" as "a sentence that states with exactitude the number of actual years, months, or days of total confinement, of partial confinement, of community supervision, the number of actual hours or

community supervision is clearly "under sentence of felony" within the meaning of that phrase in RCW 9.94A.400(2).

Mr. Roberts' sentence is affirmed.

THOMPSON, C.J., and SWEENEY, J., concur.

Review denied at 126 Wn.2d 1018 (1995).

days of community service work, or dollars or terms of a legal financial obligation. The fact that an offender through 'earned early release' can reduce the actual period of confinement shall not affect the classification of the sentence as a determinate sentence."