IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In re Postsentence Review of: | ) | |
| | ) | No. 31606-8-III |
| | ) | |
| | ) | |
| | ) | |
| GABRIELA ARAGON BARRAZA. | ) | |
| | ) | UNPUBLISHED OPINION |
| | ) | |

FEARING, J. — In order to correct two perceived violations of the Sentencing

Reform Act of 1981(SRA), chapter 9.94A RCW, the Department of Corrections (DOC)

seeks postsentence review of the Franklin County Superior Court judgment and sentence

of Gabriela Aragon Barraza for her unlawful possession of methamphetamine. First,

DOC contends that the sentencing court violated RCW 9.94A.589 by ordering Barraza's

sentence for unlawful possession to run concurrently with an earlier sentence for a prior

felony. Second, DOC contends that the sentencing court violated RCW 9.94A.505(6) by

crediting Barraza 247 days served toward her unlawful possession sentence when she

served part of that time for the prior felony. We agree and remand for resentencing.

FACTS

On April 24, 2008, Gabriela Aragon Barraza committed, in Benton County, a

residential burglary in violation of RCW 9A.52.025—a class B felony.

On April 15, 2012, Barraza, in neighboring Franklin County, unlawfully possessed methamphetamine in violation of RCW 69.50.4013—a class C felony. Barraza pled guilty to both offenses. This postsentence review concerns the interrelation of Barraza's sentences for these two crimes.

On July 17, 2008, Benton County Superior Court granted Barraza a special drug offender sentencing alternative (DOSA) sentence for the 2008 residential burglary. Based on her offender score, the standard range for sentencing was 63-84 months. Under RCW 9.94A.660, a DOSA sentence is calculated using the midpoint of the standard range—here, 73.5 months. The defendant serves up to half of the sentence in prison, and the remainder in community custody. RCW 9.94A.662. After her serving less than two years in prison, DOC released Barraza into community custody for work release in 2010.

On April 15, 2012, Gabriela Barraza was arrested, in Franklin County, for unlawful possession of methamphetamine. In part because of this arrest, DOC revoked Barraza's DOSA sentence. To serve the remainder of her sentence for residential burglary, Barraza was transferred to Benton County on May 1.

On December 10, DOC transferred Gabriela Barraza to Franklin County jail to face the April 15, 2012 charge of unlawful possession of methamphetamine. Barraza pled guilty on January 15, 2013. On January 22, after 44 days in Franklin County jail, the Franklin County court sentenced Barraza to 12 months plus 1 day confinement. The

Franklin County court credited Barraza 247 days served toward her sentence for unlawful possession. By handwritten notation, in parentheses, the Franklin County court explained that "time served in the department of corrections is included." Postsentence Pet., Ex. 1 at 7a of 10.

DOC then regained custody of Barraza on January 24. Upon reviewing the January 22, 2013 judgment and sentence, DOC believed that the Franklin County court erred in two ways. First, the sentencing court ordered the Franklin and Benton County sentences to run concurrently—violating RCW 9.94A.589. Second, the Franklin County court credited Barraza 247 days served for her unlawful possession conviction, but her time served for only that charge was the 44 days she spent in Franklin County jail.

DOC must first attempt to correct any perceived sentencing errors through the trial court. RCW 9.94A.585(7). To this end, on January 29, 2013, DOC e-mailed the prosecutor and the defense attorney requesting an amendment to the Franklin County judgment and sentence. On March 28, DOC sent the trial court and all parties a letter asking the Franklin County court to amend its judgment and sentence. DOC received no response to either. DOC then initiated this action pursuant to RCW 9.94A.585(7) and RAP 16.18.

With the two sentences running concurrently, Barraza's early release date was May 9. According to DOC, "If her sentences were running fully consecutively, her early release date would be approximately January 14, 2014." Postsentence Pet. at 4.

3

ANALYSIS

Concurrent or Consecutive Sentences

Under RAP 16.18, "The Department of Corrections may petition the Court of Appeals for review of a sentence committing an offender to the custody or jurisdiction of the Department of Corrections. The review shall be limited to errors of law." *Accord* RCW 9.94A.585(7). Whether a sentencing court exceeded its statutory authority under the SRA is an issue of law this court reviews de novo. *State v. Murray*, 118 Wn. App. 518, 521, 77 P.3d 1188 (2003). To the extent this issue implicates questions of statutory interpretation, review is also de novo. *State v. Eaton*, 168 Wn.2d 476, 480, 229 P.3d 704 (2010). A court may impose only a sentence that is authorized by statute. *In re Postsentence Review of Leach*, 161 Wn.2d 180, 184, 163 P.3d. 782 (2007). If a sentence is incongruent with statutory authority, this court reverses and remands for resentencing. *State v. Hale*, 94 Wn. App. 46, 53, 56, 971 P.2d 88 (1999).

The first statute raised by DOC is RCW 9.94A.589(2)(a), which reads: "[W]henever a person *while under sentence for conviction of a felony* commits another felony and is sentenced to another term of confinement, the latter term shall not begin until expiration of all prior terms." (Emphasis added.) Here, Franklin County Superior Court ordered Barraza's unlawful possession and residential burglary sentences to run concurrently. But Barraza committed unlawful possession "while under sentence for conviction of a felony." In *State v. Roberts*, 76 Wn. App. 290, 291, 884 P.2d 628 (1994),

4

this court held that persons under community supervision were "under sentence of felony" for purposes of RCW 9.94A.589(2)(a), then codified at former RCW 9.94A.400(2). This is the case here. Barraza was still in community custody when she committed unlawful possession in Franklin County. Given that both crimes are felonies, RCW 9.94A.589(2)(a) applies.

Because Barraza committed unlawful possession while "under sentence of felony" for residential burglary, she cannot begin to serve her Franklin County sentence until after she serves the entirety of her Benton County sentence. Under RCW 9.94A.589(2)(a), the two sentences must run consecutively.

Barraza seeks to validate the concurrent sentences by arguing that the sentencing court imposed an exceptional sentence under RCW 9.94A.535. Nevertheless, the January 22, 2013 judgment and sentence has a section regarding exceptional sentences. In that section, the sentencing court made no indication that it was imposing an exceptional sentence. Further, in order to impose an exceptional sentence, the court must "set forth the reasons for its decision in written findings of fact and conclusions of law." RCW 9.94A.535. The Franklin County court entered no such findings or conclusions.

## Time Served

The second statute raised by DOC is RCW 9.94A.505(6), which reads: "The sentencing court shall give the offender credit for all confinement time served before the sentencing if that confinement was solely in regard to the offense for which the offender

5

is being sentenced." The same standard of review applies to this issue. If the January 22, 2013 judgment and sentence is incongruent with statutory authority, this court reverses and remands for resentencing. *Hale*, 94 Wn. App. at 53, 56.

The Franklin County Superior Court credited Barraza with 247 days served for the unlawful possession sentence. We do not know how the sentencing court arrived at 247 days. The time between Barraza's April 15, 2012 arrest and her January 22, 2013 sentencing was 284 days. Regardless, 247 days exceeds the statutory authority.

Between April 15 and December 10, 2012, or for 239 days, Barraza served her revoked DOSA sentence for the Benton County residential burglary sentence. The State explains it lacked admissible evidence immediately following Barraza's arrest to prove unlawful possession of a controlled substance. When the State received a Washington State Patrol Crime Lab report, DOC transferred Barraza to Franklin County jail, on December 10, 2012 to face the unlawful possession charge. As noted, the Franklin County court sentenced Barraza on January 22, 2013. Thus, Barraza's total time of confinement "solely in regard to the offense for which [she was] being sentenced"— unlawful possession—was from December 10, 2012 to January 22, 2013. RCW 9.94A.505(6) would thus entitle Barraza to credit for 44 days served.

## CONCLUSION

We remand for resentencing.

6

No. 31606-8-III
*In re Postsentence Review of Barraza*

As DOC acknowledges, Barraza, on remand, may elect to withdraw her plea. "Where the parties have agreed to a sentence that is contrary to law, the defendant may elect to withdraw [her] plea. While withdrawal may not return the defendant to the precise status quo ante in every circumstance, it is the only remedy the court has authority to impose." *State v. Barber*, 170 Wn.2d 854, 873, 248 P.3d 494 (2011).

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, J.

WE CONCUR:

_____
Brown, J.

_____
Korsmo, C.J.

7