IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 33147-4-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| CHRISTIAN KWAKU GYAMFI, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, A.C.J. — Christian Gyamfi pleaded guilty to felony violation of a no-contact order involving domestic violence. He appeals his sentence on four grounds: (1) the sentence exceeds the statutory maximum, (2) the sentence should not have been consecutive with any Department of Corrections (DOC) sanction, (3) the trial court imposed discretionary legal financial obligations (LFOs) without making an individualized inquiry into his present or future ability to pay, and (4) trial counsel provided ineffective assistance for failing to object to the discretionary LFOs. We agree only with Mr. Gyamfi's first argument and his third argument in part, and remand for resentencing.

## FACTS

The State charged Mr. Gyamfi with one count of violating a no-contact order involving domestic violence under RCW 26.50.110(5). At the time of the incident, Mr. Gyamfi was in community custody and had an outstanding DOC warrant. Mr. Gyamfi pleaded guilty to the charge the morning trial was scheduled to begin.

The plea agreement reflects that the State and Mr. Gyamfi agreed to an exceptional sentence downward of 48 months' confinement, 12 months' community custody, and $1,210.50 in LFOs. But in addition to the agreement, the State asked the trial court to impose an additional $1,455.04 jury fee to reimburse the county for paying per diem costs for venire jurors. Mr. Gyamfi asked the trial court to either eliminate or reduce the $1,455.04 jury fee in light of the fact that litigants frequently settle the morning of trial, but otherwise agreed with the State's recommendation.

The trial court used its discretion and rejected the plea agreement. It sentenced Mr. Gyamfi to 60 months' confinement and 12 months' community custody. The judgment and sentence contained a *Brooks*[1] notation, which stated that the "combined term of confinement and community custody for any particular offense cannot exceed the statutory maximum." Clerk's Papers (CP) at 31.

---

[1] *In re Pers. Restraint of Brooks*, 166 Wn.2d 664, 211 P.3d 1023 (2009).

2

The trial court also imposed $2,664.54 in LFOs. Of that sum, $1,865.54 were discretionary costs, which included the $1,455.04 jury fee, a $250.00 court-appointed attorney fee, a $40.00 booking fee, a $20.50 sheriff's service fee, and a $100.00 domestic violence assessment. The trial court did not inquire into Mr. Gyamfi's financial resources or ability to pay the LFOs.

After the trial court imposed sentence, the prosecutor noted that Mr. Gyamfi had a DOC warrant when the police arrested him for violating the no-contact order, and asked the trial court to sentence Mr. Gyamfi consecutively to any separate DOC sanction. The trial court agreed and noted in the judgment and sentence that "[t]his sentence shall run consecutively with any DOC sentence," citing RCW 9.94A.589(3). CP at 30.

The trial court later reduced Mr. Gyamfi's jury fee to $250.00 pursuant to RCW 36.18.016(3)(b), which caps criminal jury fees at $250.00. Mr. Gyamfi's amended LFO amount was $1,460.50.[2] Mr. Gyamfi appeals.

## ANALYSIS

1. *Sentence exceeding statutory maximum*

Mr. Gyamfi argues, and the State concedes, that the trial court gave him a sentence that exceeds the statutory maximum. Whether a sentence exceeds the statutory maximum

---

[2] The trial court's order states that Mr. Gyamfi's amended LFO amount is

3

is an issue of statutory interpretation this court reviews de novo. *State v. Bruch*, 182 Wn.2d 854, 859, 346 P.3d 724 (2015). Although Mr. Gyamfi did not object to the terms of his sentence at the sentencing hearing, unpreserved sentencing errors may be raised for the first time on appeal. *See State v. Ford*, 137 Wn.2d 472, 477-78, 973 P.2d 452 (1999).

A defendant's sentence cannot exceed the statutory maximum term for the class of crime for which the offender was convicted. RCW 9A.20.021(1). If a person has at least two prior convictions for violating no-contact orders, a third or subsequent violation is a class C felony. RCW 26.50.110(5). The maximum sentence for a class C felony is 5 years, or 60 months. RCW 9A.20.021(1)(c).

When a person is convicted of violating a no-contact order involving domestic violence, the trial court must sentence that person to 12 months' community custody in addition to the other terms of the sentence. RCW 9.94A.701(3)(a); RCW 9.94A.411(2). Terms of confinement and community custody are both included in the calculation of the statutory maximum term, and the combination of the two cannot exceed the statutory maximum. RCW 9.94A.505(5); *State v. Boyd*, 174 Wn.2d 470, 473, 275 P.3d 321 (2012). Following RCW 9.94A.701(9)'s enactment in 2009, trial courts are no longer permitted to use *Brooks* notations to ensure sentences do not exceed statutory maximums.

---

$1,360.50. However, we calculate the amended LFO total to be $1,460.50.

4

*Boyd*, 174 Wn.2d at 473. Instead, trial courts must reduce the term of community custody "whenever an offender's standard range term of confinement in combination with the term of community custody exceeds the statutory maximum for the crime as provided in RCW 9A.20.021." RCW 9.94A.701(9). A trial court may, however, impose a variable period of community custody that recognizes DOC's authority to transfer the earned early release of certain offenders into community custody under RCW 9.94A.729(5)(a). *See Bruch*, 182 Wn.2d at 862-63.

Here, the trial court sentenced Mr. Gyamfi to 60 months' incarceration, followed by 12 months' community custody. Mr. Gyamfi's total sentence is 72 months, which plainly exceeds the 60-month statutory maximum. Although the trial court included a *Brooks* notation in the judgment and sentence, the *Brooks* notation procedure no longer complies with statutory requirements. The trial court was required to comply with RCW 9.94A.701(9). When a trial court's sentence violates RCW 9.94A.701(9), this court remands to the trial court to either amend the community custody term or to resentence consistent with the statute. *Boyd*, 174 Wn.2d at 473. We, therefore, remand to the trial court for it to resentence Mr. Gyamfi so that the combined terms of incarceration and community custody do not exceed 60 months. In doing so, the trial court may impose a variable term of community custody to account for any earned early release time.

5

2.      *Running sentence consecutive to any DOC sanction*

Mr. Gyamfi argues that the trial court erroneously relied on RCW 9.94A.589(3) to

impose this sentence consecutively to any DOC sanction for violating the terms of his

community custody. Specifically, Mr. Gyamfi argues that RCW 9.94A.589(3) does not

apply because he was not "under felony sentence," and also argues that the statute does

not apply because there is no evidence in the record that DOC ever actually sanctioned

him for the community custody violation.

RCW 9.94A.589(3) provides that

> whenever a person is sentenced for a felony that was committed *while the
> person was not under sentence for conviction of a felony*, the sentence shall
> run concurrently with any felony sentence which has been imposed by any
> court in this or another state or by a federal court subsequent to the
> commission of the crime being sentenced unless the court pronouncing the
> current sentence expressly orders that they be served consecutively.

(Emphasis added.) In other words, RCW 9.94A.589(3) applies when (1) the defendant

was not serving a felony sentence when he or she committed the current crime, and (2) a

court sentenced the defendant for a different felony after he or she committed the current

crime. *State v. Champion*, 134 Wn. App. 483, 488, 140 P.3d 633 (2006).

For example, in *Champion*, Mr. Champion committed assault in 2000 and was not

under any kind of felony sentence at the time. *Id.* at 485, 488. In 2001, he committed

murder. *Id.* at 485. In January 2005, the trial court sentenced him for that murder. *Id.* In

6

June 2005, Mr. Champion pleaded guilty to the 2000 assault, and the trial court expressly

ordered the assault sentence to run consecutively to the murder sentence. *Id.* The

*Champion* court held that RCW 9.94A.589(3) applied under those facts and therefore the

default rule would be for the sentences to run concurrently, but the trial court had the

discretion to run the sentences consecutively so long as it expressly ordered them to run

that way. *Id.* at 488; *accord State v. King*, 149 Wn. App. 96, 101, 202 P.3d 351 (2009).

RCW 9.94A.589(2)(a), however, provides that whenever a defendant, *while* under

sentence for a felony conviction, commits another felony and a court sentences the

defendant to another term of confinement, the latter sentence must run consecutively to

all prior sentences. For example, in *Roberts*, Mr. Roberts stole a car the night DOC

released him from prison. *State v. Roberts*, 76 Wn. App. 290, 291, 884 P.2d 628 (1994).

The trial court found Mr. Roberts committed the car theft "'while under sentence of

felony'" and ordered the sentence to be served consecutively to Mr. Roberts's prior

sentence under former RCW 9.94A.400(2).[3] *Roberts*, 76 Wn. App. at 291. The *Roberts*

court noted that Mr. Roberts was under community supervision at the time he stole the

car, and held that "[a] person under community supervision is clearly 'under sentence of

---

[3] The legislature later recodified former RCW 9.94A.400(2)(a) as
RCW 9.94A.589(2)(a), but did not otherwise change the language of the statute. *See*
LAWS OF 2001, ch. 10, § 6.

felony'" for purposes of the consecutive/concurrent sentences statute. *Id.* at 292-93.

Accordingly, the *Roberts* court affirmed the trial court's consecutive sentence. *Id.*

Mr. Gyamfi and the State are arguing over the wrong subsection. Mr. Gyamfi is

correct that RCW 9.94A.589(3) does not apply to these facts. RCW 9.94A.589(3) only

applies to persons who are *not* under felony sentence when they commit their crime, and

Mr. Gyamfi was under felony sentence when he violated the no-contact order because he

was under community custody. Mr. Gyamfi is also correct that RCW 9.94A.589(3) does

not apply here because neither DOC nor any other court had sentenced him for a crime he

committed after he violated the no-contact order.

However, the trial court had authority to sentence Mr. Gyamfi consecutively to any

DOC sanction under RCW 9.94A.589(2)(a). Like in *Roberts*, Mr. Gyamfi was under

felony sentence when he violated the no-contact order, which was a felony, and the trial

court properly sentenced him to another term of confinement.

Nevertheless, we note that the trial court cited the wrong subsection of

RCW 9.94A.589 when it made handwritten changes to the boilerplate language on the

judgment and sentence form. Because this was a scrivener's error, the trial court is

directed to correct this error on remand. *See State v. Naillieux*, 158 Wn. App. 630, 646-

8

47, 241 P.3d 1280 (2010) (the remedy for clerical or scrivener's errors in judgment and sentence forms is remand to the trial court for correction).

3.    *Substantially invited LFO error*

For the first time on appeal, Mr. Gyamfi contends the trial court improperly imposed LFOs without considering his financial resources as required by RCW 10.01.160(3). Whenever a person is convicted, the trial court "may order the payment of a legal financial obligation" as part of the sentence. RCW 9.94A.760(1); *accord* RCW 10.01.160(1). By statute, the trial court is not authorized to order a defendant to pay costs unless he or she is or will be able to pay them. RCW 10.01.160(3). In determining the amount and method of payment of costs, the trial court shall take account of the financial resources of the defendant and the nature of the burden that payment of costs will impose. *Id.* Accordingly, "a trial court has a statutory obligation to make an individualized inquiry into a defendant's current and future ability to pay before the court imposes LFOs." *State v. Blazina*, 182 Wn.2d 827, 830, 344 P.3d 680 (2015).

Importantly, "the court must do more than sign a judgment and sentence with boilerplate language stating that it engaged in the required inquiry." *Id.* at 838. Therefore, "[t]he record must reflect that the trial court made an individualized inquiry into the defendant's current and future ability to pay." *Id.* Although courts have little

9

guidance regarding what counts as an "individualized inquiry," *Blazina* makes clear, at a

minimum, the sentencing court "must also consider important factors . . . such as

incarceration and a defendant's other debts, including restitution, when determining a

defendant's ability to pay," and "should also look to the comment in court rule GR 34 for

guidance." *Id.*

"A defendant who makes no objection to the imposition of discretionary LFOs at

sentencing is not automatically entitled to review." *Id.* at 832. Subject to three

exceptions that do not apply here, RAP 2.5(a) provides that an "appellate court may

refuse to review any claim of error which was not raised in the trial court." *Blazina*

confirmed that an appellate court's discretion under RAP 2.5(a) extends to review of a

trial court's imposition of discretionary LFOs. *Blazina*, 182 Wn.2d at 834-35.

Here, the trial court imposed both mandatory and discretionary LFOs. The

mandatory LFOs included the $500 victim assessment, $200 criminal filing fee,

and the $100 deoxyribonucleic acid (DNA) collection fee. *See* RCW 7.68.035(1)(a);

RCW 36.18.020(2)(h); RCW 43.43.7541. These mandatory LFOs are required

irrespective of Mr. Gyamfi's ability to pay. *State v. Lundy*, 176 Wn. App. 96, 103, 308

P.3d 755 (2013). However, the $250.00 court-appointed attorney fee, $250.00 jury fee,

$40.00 booking fee, $20.50 sheriff's service fee, and $100.00 domestic violence

assessment are all discretionary LFOs. *See* RCW 10.01.160(2); RCW 36.18.016(3)(b); RCW 10.99.080. Total LFOs are $1,460.50.

Because resentencing is required in this case, we exercise our discretion to review this alleged error. We first note that Mr. Gyamfi entered into a plea agreement, and a portion of this agreement was to pay $1,210.50 in LFOs. He therefore invited error up to this amount. *See In re Pers. Restraint of Breedlove*, 138 Wn.2d 298, 311-12, 979 P.2d 417 (1999) (a defendant may not set up error in a plea agreement and then complain of it on appeal). But to the extent the LFOs imposed exceeded what he agreed to, we task the trial court with conducting a proper *Blazina* inquiry at resentencing.

4.    *Ineffective assistance of counsel*

Mr. Gyamfi contends his trial counsel provided him ineffective assistance of counsel by not objecting to the LFOs. The record shows Mr. Gyamfi agreed to $1,210.50 in LFOs, trial counsel successfully objected to imposition of the $1,455.04 per diem jury fee, and the total LFOs were $1,460.50.

A defendant has the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). A defendant receives ineffective assistance if the attorney's conduct (1) falls below a minimum objective standard of reasonable attorney conduct, and (2) there is a probability the

11

No. 33147-4-III
*State v. Gyamfi*

attorney's conduct affected the case's outcome. *State v. Benn*, 120 Wn.2d 631, 663, 845 P.2d 289 (1993).

We reject Mr. Gyamfi's ineffective assistance of counsel claim. Defense counsel was under no obligation to secure a plea agreement that waived LFOs, especially given that Mr. Gyamfi has a four-year degree from Fordham University. Further, to the extent that the LFOs imposed exceeded what Mr. Gyamfi agreed to, we have provided relief by requiring the trial court to conduct a *Blazina* inquiry at resentencing.

Remand for resentencing.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Lawrence-Berrey, A.C.J.

WE CONCUR:

Siddoway, J.

Pennell, J.

12