IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Post-Sentence Review of: | ) ) ) | No. 35284-6-III |
| KYE CALEB ALLERY. | ) ) ) | UNPUBLISHED OPINION |

Pennell, A.C.J. — The Department of Corrections (DOC) petitions under

RCW 9.94A.585(7) to review Kye Caleb Allery's sentence imposed for his 2017

Whitman County conviction of third degree assault. The DOC contends the trial court

erred in crediting Allery's sentence with 30 days of county jail sanction time he served

for a community custody violation in a prior unrelated felony case. We grant the DOC's

petition and remand to the superior court to remove those credits.

FACTS AND PROCEDURE

Mr. Allery was arrested for assault and booked into the Whitman County Jail on

December 20, 2016. The next day, December 21, the State charged him with third degree

assault under superior court cause number 16-1-00224-38, and the court entered a pretrial

release order setting bail at $25,000. Mr. Allery remained in jail pending trial. A jury

found him guilty as charged. On February 15, 2017, the court imposed a 22-month

standard range sentence. Boilerplate paragraph 4.1(c) of the judgment and sentence

states:

> The defendant shall receive credit for eligible time served prior to
> sentencing if that confinement was solely under this cause number.
> RCW 9.94A.505. The jail shall compute time served.

Post-Sentence Pet., Ex. 1 at 4. The county jail certification shows credit for 56 days

served on cause number 16-1-00224-38—from December 21, 2016 to February 15, 2017.

The warrant of commitment accompanying the judgment and sentence credits Mr. Allery

with 57 days of county jail credit as of February 15, 2017.

Apparently unbeknownst to counsel and the court at the time of sentencing, Mr.

Allery served 30 days of his county jail time (December 20, 2016 to January 19, 2017) as

a DOC-imposed sanction for violating community custody conditions of a 2010 felony

judgment and sentence for communication with a minor for immoral purposes.[1] Upon

Mr. Allery's transfer to prison, DOC personnel reviewed the current judgment and

sentence documents and determined Mr. Allery was credited with the sanction days in

error. After unsuccessfully attempting to resolve the issue in the trial court, the DOC

---

[1] Whitman County Superior Court Cause No. 10-1-00080-6.

No. 35284-6-III
*In re Post-Sentence Review of Allery*

timely filed this petition in accordance with RCW 9.94A.585(7) and RAP 16.18. Since

Mr. Allery is indigent, we appointed counsel for him as required under RAP 16.18(c).

ANALYSIS

The sole issue is whether Mr. Allery's third degree assault sentence was

improperly credited with the 30-day jail sanction he served for a community custody

violation in the prior unrelated felony case.

Our scope of review in a post-sentence review petition "shall be limited to errors

of law." RCW 9.94A.585(7). Whether a sentencing court exceeded its statutory

authority under the Sentencing Reform Act of 1981, chapter 9.94A RCW, is an issue of

law we review de novo. *State v. Murray*, 118 Wn. App. 518, 521, 77 P.3d 1188 (2003).

To the extent the issue implicates questions of statutory interpretation, review is also de

novo. *State v. Eaton*, 168 Wn.2d 476, 480, 229 P.3d 704 (2010). "The primary goal of

statutory construction is to carry out legislative intent. If a statute is plain and

unambiguous, its meaning must be primarily derived from the language itself." *Cockle v.*

*Dep't of Labor & Indus.*, 142 Wn.2d 801, 807, 16 P.3d 583 (2001) (citation omitted).

The DOC contends the crediting of Mr. Allery's assault sentence with the 30-day

jail sanction served in the 2010 case violates two statutes: First, the consecutive sentence

requirement in RCW 9.94.589(2)(a) that "whenever a person while under sentence for

conviction of a felony commits another felony and is sentenced to another term of

confinement, the latter term shall not begin until expiration of all prior terms." And

3

second, RCW 9.94A.505(6), which requires the trial court to give offenders credit for all presentence jail time served, but only "if that confinement was solely in regard to the offense for which the offender is being sentenced." Credit is not allowed for time served on other charges. *In re Pers. Restraint of Phelan*, 97 Wn.2d 590, 597, 647 P.2d 1026 (1982).

The State (Whitman County Prosecutor) initially argues that the trial court was entitled to rely solely on the December 21 pretrial release order to calculate the jail credits, and the DOC should now be precluded from submitting sanction information that it did not present to the court at the time of sentencing. We reject the State's argument.

The DOC was not a party at the time of sentencing and played no role in the trial court's award of presentence jail credits. The DOC notified the parties and court when it became aware after Mr. Allery's transfer to DOC jurisdiction that the jail certification was incomplete or inaccurate. Thereafter, the DOC followed proper procedures under RCW 9.94A.585(7) and RAP 16.18 in bringing this petition supported by evidence showing the sanction time served on the prior 2010 case. The court's December 21 pretrial release order says nothing of time served on other matters and is not dispositive of what credit is proper. The DOC's arguments are properly before us.

On the merits, the State contends RCW 9.94A.589(2)(a) does not clearly apply to this situation, so Mr. Allery is entitled to the 30 days credit under the rule of lenity. The State does not address RCW 9.94A.505(6).

4

We agree with the DOC and find RCW 9.94A.505(6) dispositive. The statute plainly allows presentence credit for time served solely for the offense being sentenced—not for confinement time served on other matters such as Mr. Allery's DOC-imposed sanction for violating community custody terms of a prior sentence. He is thus not entitled to credit on his assault sentence for the 30-day sanction served from December 20, 2016 to January 19, 2017.

Moreover, Mr. Allery was in community custody and thus still under sentence for the 2010 felony conviction when he committed the current assault. *See State v. Roberts*, 76 Wn. App. 290, 884 P.2d 628 (1994) (persons under community supervision were "under sentence of felony" for purposes of former RCW 9.94A.400(2), *recodified as* RCW 9.94A.589(2)(a) (LAWS OF 2001 ch. 10 § 6)). Crediting Mr. Allery with the sanction time served on the 2010 matter starts his new assault sentence 30 days before expiration of the prior term and makes the sentences partially concurrent. This violates the plain language of RCW 9.94A.589(2)(a) that "the latter term shall not begin until expiration of all prior terms." The rule of lenity does not avail Mr. Allery in this situation. His third degree assault sentence cannot begin until the 30-day sanction in the prior case was fully served.

We grant the DOC's petition and remand Mr. Allery's judgment and sentence to the trial court for it to give credit for presentencing jail time for only those days he served in confinement solely in regard to the third degree assault offense for which he was being

sentenced and to remove any credit for presentencing jail time given for days he served on DOC sanctions.[2]

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Pennell, A.C.J.

WE CONCUR:

Siddoway, J.

Fearing, J.

---

[2] Appointed counsel for Mr. Allery has filed a brief and motion to withdraw in accordance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967); RAP 18.3(a)(2). Counsel acknowledges the issue raised by the DOC and states he finds nothing in the record that would support Mr. Allery receiving credit on his assault sentence for jail time spent on the unrelated matter. Counsel otherwise presents no argument. This court finds no arguable issues of merit that favor Mr. Allery in this petition. Counsel's motion to withdraw is therefore granted, conditioned upon his compliance with RAP 18.3(a)(4).